UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDI BRANDL,<br>OLIVER BRANDL, III<br>KRISTIE ALWINE, AND<br>FRANK W. JOHNSON, SR.,<br>    Plaintiffs<br><br>v.<br>WEST SHORE SCHOOL<br>DISTRICT, TODD STOLTZ,<br>in his official capacity, BRIAN K.<br>GUISTWHITE, in his official<br>capacity, CHRISTOPHER J.<br>KAMBIC, in his official capacity,<br>JUDITH A. CROCENZI, in her<br>official capacity, FRANK J.<br>KAMBRIC, ANTONIOS J.<br>MAPRANOS, in his official capacity<br>SHERI D. MOYER, in her official<br>capacity, FRANK A.<br>STOLTENBURG, in his official<br>capacity, HEIDI E. THOMAS, in her<br>official capacity, and ABIGAIL A.<br>TIERNEY, in her official capacity,<br>    Defendants | No.:<br><br>Civil Action |

## **<u>NOTICE OF REMOVAL</u>**

AND NOW, this 1st day of March, 2023, comes the Defendants, West Shore School District, Todd Stoltz, in his official capacity, Brian K. Guistwhite, in his official capacity, Christopher J. Kambic, in his official capacity, Judith A. Crocenzi, in her official capacity, Frank J. Kambric, in his official capacity, Antonios J.

Mapranos, in his official capacity, Sheri D. Moyer, in her official capacity, Frank A. Stoltenburg, in his official capacity, Heidi E. Thomas, in her official capacity, and Abigail A. Tierney, in her official capacity, by and through their Attorneys, Gregory W. Bair, II, Esquire, David M. Walker, Esquire, and the law firm of Stock and Leader, LLP, and hereby provides notice of removal of the above-entitled civil action, from the Court of Common Pleas of Cumberland County, Pennsylvania, to the United States District Court for the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1331, 28 U.S.C. §1441, 28 U.S.C. § 1443, and 28 U.S.C. § 1446, a statement of which follows:

## STATEMENT OF REMOVAL

1. On or about January 25, 2023, Plaintiffs, Brandi Brandl, Oliver Brandl, III, Kristie Alwine, and Frank W. Johnson, Sr. filed a Complaint in the Court of Common Pleas of Cumberland County, Pennsylvania styled *Brandi Brandl, Oliver Brandl, III, Kristie Alwine, and Frank W. Johnson, Sr. v. Brian K. Guistwhite, in his official capacity, Christopher J. Kambic, in his official capacity, Judith A. Crocenzi, in her official capacity, Frank J. Kambric, Antonios J. Mapranos, in his official capacity, Sheri D. Moyer, in her official capacity, Frank A. Stoltenburg, in his official capacity, Heidi E. Thomas, in her official capacity, and Abigail A. Tierney, in her official capacity* Case No. 2023-00612 (the "Complaint").

2. Pursuant to 28 U.S.C. §1446(a), a true and correct copy of the Complaint with exhibits is attached as **Exhibit A**.

3. Other than the filing and service of the Complaint, no other pleadings, process, or orders have been filed.

4. All Defendants were served by a deputized York County, Pennsylvania Sheriff at the West Shore School District's district office on February 10, 2023.

5. None of the Defendants have filed a responsive pleading in the Court of Common Pleas of Cumberland County.

6. Pursuant to 28 U.S.C. § 1441(a), removal of an action originally filed in state court is proper in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *See* 28 U.S.C. § 1441(a).

7. Further 28 U.S.C. § 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See* 28 U.S.C. § 1331 (relating to federal question).

8. In removing this matter to this Court, the Defendants do not intend to waive any defenses they have to the action, including without limitation improper service, personal jurisdiction, and/or venue.

## FEDERAL QUESTION

9. "The party invoking federal jurisdiction bears the burden of establishing" that jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

10. This Honorable Court has recognized that the general rules governing removal by a defendant in a federal question matter have been well articulated in *Schultz v. Coral Gables Federal Savings & Loan Association,* 505 F. Supp. 1003, 1008 (S.D.Fla. 1981). See *Martin v. Wilkes-Barre Pub. Co.*, 567 F. Supp. 304, 307 (M.D. Pa. 1983).

11. *In Martin v. Wilkes-Barre Pub. Co., 567 F. Supp. 304, 307-308,* the Middle District of Pennsylvania recognized that, in all cases removed for federal questions,:

> Federal law must be an "essential" element of the plaintiff's cause of action. *Gully v. First National Bank in Meridian*, 299 U.S. 109, 112, 57 S. Ct. 96, 97, 81 L. Ed. 70 (1936). Second, the federal question which is the predicate for removal "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Id.* at 113, 57 S. Ct. at 98. As a general rule then, plaintiff's state court pleadings control removability. See *Paxton v. Weaver*, 553 F.2d 936 (5th Cir.1977). Artful pleading cannot, however, be used to conceal an essentially federal claim. . . . The accepted rule is that upon removal the court should inspect the complaint carefully to determine whether a federal claim is necessarily presented by plaintiff, even if plaintiff has couched his pleadings exclusively in terms of state law. See *In Re Carter*, 618 F.2d 1093, 1101 (5th Cir.1980). Third, the federal question may not be inferred from a defense asserted or one expected to be made. See *Gully, supra,* 299 U.S. at 113, 57 S. Ct. at 98. Fourth, the federal question raised must be a "substantial" one. *Hagans v. Lavine,*

415 U.S. 528, 536, 94 S. Ct. 1372, 1378, 39 L. Ed. 2d 577 (1974). Finally, the party seeking removal bears the burden of satisfying each of these preconditions. *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-28, 94 S. Ct. 1002, 1003, 39 L. Ed. 2d 209 (1974); *Wolgin v. State Mut. Investors*, 442 F. Supp. 974, 975 (E.D.Pa.1977). *Martin v. Wilkes-Barre Pub. Co.*, 567 F. Supp. 304, 307-308 (M.D. Pa. 1983) *citing Schultz v. Coral Gables Federal Savings & Loan Association,* 505 F. Supp. 1003, 1008 (S.D.Fla. 1981)

12. While Plaintiffs' Complaint is unartfully drafted, all of Plaintiffs' claims invoke issues contemplated by this Honorable Court's federal question jurisdiction.

13. The disputes raised in Plaintiffs' Complaint arise out of the adoption and implementation of certain School Board Policies by the District's School Board of Directors.

14. The execution of the subject Policy has resulted in the implementation of a Social Emotional Learning ("SEL") curriculum at the Defendant School District's elementary school level.

15. Plaintiffs' Complaint purports to assert two causes of actions sounding in injunctive and declaratory relief (*see* Counts I and II of the Complaint at pp 9 and 11, respectively).

16. Plaintiffs' assert that the "SEL curriculum conflicts with their Christian beliefs." Complaint at ¶¶ 23, 46.

17. Plaintiffs allege that each have made requests to the School District to have their children excused from the SEL curriculum, but such requests have been denied by the School District.

18. Citing *Elrod v. Burns,* 427 U.S. 347, 373 (1976), Plaintiffs allege that they are suffering "irreparable harm because defendants are violating their constitutional rights." Complaint at ¶ 47.

19. Plaintiffs have alleged that their federally protected, constitutional rights have been violated. *Id.*

20. In Plaintiffs' request for declaratory relief, Plaintiffs asserts that "Board Policy 105.3 is invalid because it violates the First and Fourteenth Amendments." ¶ 60.

21. In support of this contention, Plaintiffs espouse that "[R]eligous beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection. *Fulton v. City of Philadelphia, Pennsylvania,* 141 S.Ct. 1868, 1876 (2021)." Complaint at ¶ 61.

22. Plaintiffs continue by claiming that the policy in question is unduly burdensome to Plaintiffs' exercise of their First Amendment rights. Complaint at ¶ 62.

23. Plaintiffs allege that the subject policy violates "plaintiff's fundamental right to make child rearing decisions under the Fourteenth Amendment." Complaint at ¶ 63.

24. Moreover, Plaintiffs assert that the subject policy violates the Plaintiffs' Fourteenth Amendment right to equal protection. Complaint at ¶¶ 64.

25. Following the adoption of the Fourth Amendment, the rights of the First Amendment apply against state and local governments. *Everson v. Bd. of Ed. of Ewing Twp.*, 330 U.S. 1, 13 (1947).

26. The First Amendment states that "Congress shall make no law respecting an establishment of religion, or prohibiting the exercise thereof…" U.S. Const. amend I.

27. Allegations that a parties' First Amendment rights relating to religion have been violated are federal questions. *See generally, Santa Fe Indep. Sch. Dist. v. Doe.* 530 U.S. 290 (2000).

28. When claims are made under to the Fourteenth Amendment to the United States Constitution the invocation of federal question jurisdiction is proper. *Roheila v. McKeesport Area Sch. Dist.*, 2022 U.S. Dist. LEXIS 173119 at 20 (W.D.P.A. 2022).

29. Plaintiffs' sought vindication of their Fourteenth Amendment rights confers jurisdiction by 28 U.S.C. §1443.

4875-7121-1858, v. 1

30. In Plaintiffs' *ad damnum* clause following Count II (Plaintiff fails to include an *ad damnum* clause following Count I), Plaintiff specifically makes a prayer for relief to have Policy 105.3 voided and deemed unconstitutional and be awarded money damages and attorneys' fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. *See* Complaint at *ad damnum* clause ¶¶ 1, 4.

31. 28 U.S.C. § 1331 and 28 U.S.C. § 1343 confers jurisdiction in actions authorized by 42 U.S.C. § 1983 against defendants acting under color of state law. See 28 U.S.C. § 1343.

32. Federal question jurisdiction is proper where claims are brought pursuant to the United States constitution and 42 U.S.C. § 1983. *See Jensen v. Farrell Lines, Inc.*, 625 F. 2d 379, 381-82 (2d Cir. 1980).

33. Clearly, Plaintiffs' claims against the Defendants are predicated on theories that their United States Constitutional rights have been violated.

34. 28 U.S.C. § 1331 asserts that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution…of the United States." 28 U.S.C. § 1331

35. The United States Supreme Court has held "where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the

United States, the federal court, but for two possible exceptions later noted[1], must entertain the suit. Thus allegations far less specific than the ones in the complaint before us have been held adequate to show that the matter in controversy arose under the Constitution of the United States. *Wiley* v. *Sinkler*, 179 U.S. 58, 64-65; *Swafford* v. *Templeton*, 185 U.S. 487, 491-492." *Bell v. Hood*, 327 U.S. 678, 681-82, 66 S. Ct. 773, 776, 90 L.Ed. 939, 943 (1946).

36. The resolution of Plaintiffs' claims requires the application and interpretation of the U.S. Constitution, federal law, and federal decisional law, making this case one that squarely falls within this Court's exclusive federal question jurisdiction.

37. Therefore, based upon a plain reading of Plaintiffs' Complaint, the Defendants' have met their burden of establishing that federal question jurisdiction applies to this matter.

## REMOVAL PROCEDURE

38. Removal of the above-captioned matter is timely under 28 U.S.C. §1446(b) and Federal Rule of Civil Procedure 6(a) because this Notice of Removal is filed within thirty (30) days of receipt of the Complaint by the Defendants.

---

[1] As explained by the Court, "the previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S. Ct. 773, 776, 90 L.Ed. 939, 943 (1946). The exceptions are inapplicable to the case *sub judice*.

39. Removal is properly made to the United States District Court for the Middle District of Pennsylvania under §1441(a), because Cumberland County, where this action is pending, is within the Middle District of Pennsylvania. *See* 28 U.S.C. § 118(c).

40. The Defendants will file written notice of the filing of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Cumberland County concurrently with the filing of this Notice of Removal and will serve the same on Plaintiffs pursuant to 28 U.S.C. §1446(d).

41. This Notice of Removal is being filed on behalf of all named Defendants; and, therefore, unanimity among all Defendants as to removal exists.

WHEREFORE, by this Notice of Removal, Defendants hereby remove this action from the Cumberland County Court of Common Pleas and request that this action proceed as properly removed to this Court.

STOCK AND LEADER

By:   */s/ Gregory W. Bair, II*
      Gregory W. Bair, II, Esquire
      I.D. No. 208156
      David M. Walker, Esquire
      I.D. No. 312560
      Susquehanna Commerce Center East
      221 West Philadelphia Street, Suite 600
      York, PA  17401
      Tel.:  (717) 846-9800
      Counsel for West Shore School District, Todd Stoltz, in his official capacity, Brian K. Guistwhite, in his official capacity, Christopher J. Kambic, in his official capacity, Judith A. Crocenzi, in her official capacity, Frank J. Kambric, in his official capacity, Antonios J. Mapranos, in his official capacity, Sheri D. Moyer, in her official capacity, Frank A. Stoltenburg, in his official capacity, Heidi E. Thomas, in her official capacity, and Abigail A. Tierney, in her official capacity