# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet
CUMBERLAND _____ County

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

SECTION A

SECTION B

| For Prothonotary Use Only: |
|---|
| Docket No: |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: BRANDI BRANDL AND OLIVER BRANDL, et al. | Lead Defendant's Name: WEST SHORE SCHOOL DISTRICT, et al. |
|---|---|
| **Are money damages requested?** ☒ Yes ☐ No | Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits |
| **Is this a *Class Action Suit*?** ☐ Yes ☒ No | Is this an *MDJ Appeal*? ☐ Yes ☒ No |

Name of Plaintiff/Appellant's Attorney: Walter S. Zimolong, Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability (does not include mass tort)
- ☐ Slander/Libel/ Defamation
- ☐ Other: _____

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other: _____

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional: _____

**CONTRACT** (do not include Judgments)
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- _____
- _____
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- _____
- _____
- ☐ Other: _____

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other: _____

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- _____
- _____
- ☐ Zoning Board
- ☐ Other: _____
- _____

REC'D YORK CO SHERIFF
9 FEB '23 AM 11:43

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☒ Other: EQUITY
- _____

*Updated 1/1/2011*

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.    Cover Sheet**

(a)(1)   This rule shall apply to all actions governed by the rules of civil procedure except the following:

   (i)     actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

   (ii)    actions for support, Rules 1910.1 et seq.

   (iii)   actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

   (iv)    actions for divorce or annulment of marriage, Rules 1920.1 et seq.

   (v)     actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

   (vi)    voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)    At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)    The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)    The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)    A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)    The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

REC'D YORK CO SHERIFF
9 FEB '23 AM 11:43

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL DISTRICT
CUMBERLAND COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| BRANDI BRANDL, OLIVER BRANDL, III, KRISTIE ALWINE AND FRANK W. JOHNSON, SR. | : : : | No. |
| Plaintiffs | : : : | |
| v. WEST SHORE SCHOOL DISTRICT, TODD STOLTZ, in his official capacity, BRIAN K. GUISTWHITE, in his official capacity, CHRISTOPHER J. KAMBIC, in his official capacity, JUDITH A. CROCENZI, in her official capacity, FRANK J. KAMBRIC, ANTONIOS J. MAPRANOS, in his official capacity, SHERI D. MOYER, in her official capacity, FRANK A. STOLTENBURG, in his official capacity, HEIDI E. THOMAS, in her official capacity, and ABIGAIL A. TIERNEY, in her official capacity. | : : : : : : : : : : : : : : : | |
| Defendants | : : | |

NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THIS COMPLAINT AND NOTICE ARE SERVED, BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY AN ATTORNEY AND FILLING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGEMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED IN THE COMPLAINT OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE PLAINTIFF. YOU MAY LOSE MONEY OR PEOPERTY OR OTHER RIGHTS

REC'D YORK CO SHERIFF
9 FEB '23 AM 11:43

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IMPORTANT TO YOU. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO THE TELEPHONE OR THE OFFICE SET FORTH BELOW TO FIND WHERE YOU CAN GET LEGAL HELP.

CUMBERLAND COUNTY BAR ASSOCIATION
FIND A LAWYER
32 SOUTH BEDFORD STREET
CARLISLE, PA 17013
1-800-990-9108
717-249-3166 Ext. 105

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

IN THE COURT OF COMMON PLEAS
NINTH JUDICIAL DISTRICT
CUMBERLAND COUNTY, PENNSYLVANIA

BRANDI BRANDL, OLIVER BRANDL,
III, KRISTIE ALWINE AND FRANK W.
JOHNSON, SR.

        Plaintiffs

v.

WEST SHORE SCHOOL DISTRICT,
TODD STOLTZ, in his official capacity,
BRIAN K. GUISTWHITE, in his official
capacity, CHRISTOPHER J. KAMBIC, in
his official capacity, JUDITH A.
CROCENZI, in her official capacity,
FRANK J. KAMBRIC, ANTONIOS J.
MAPRANOS, in his official capacity,
SHERI D. MOYER, in her official capacity,
FRANK A. STOLTENBURG, in his official
capacity, HEIDI E. THOMAS, in her
official capacity, and ABIGAIL A.
TIERNEY, in her official capacity.

        Defendants

No.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## COMPLAINT

Plaintiffs file this complaint and aver as follows.

### Parties

1.    Plaintiffs Brandi Brandl and Oliver Brandl, III are parents of K.B., a student in the West Shore School District, and are citizens of the Commonwealth of Pennsylvania.

3

REC'D YORK CO SHERIFF
9 FEB '23 AM 11:43

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

2.      Plaintiffs Kristie Alwine and Frank W. Johnson, Sr. are parents of H.J. and F.J., students in the West Shore School District, and are citizens of the Commonwealth of Pennsylvania.

3.      Defendant West Shore School District (the "School District") is a school district organized under Pennsylvania law.

4.      Defendant, Todd Stoltz, is superintendent of the School District and is sued in his official capacity.

5.      Defendant, Jamie Whye, is the assistant superintendent of the School District and is sued in her official capacity.

6.      Defendant, Brian K. Guistwhite, is a member of the School District's Board of School Directors and is sued in his official capacity.

7.      Defendant, Christopher J. Kambic, is a member of the School District's Board of School Directors and is sued in his official capacity.

8.      Defendant, Judith A. Crocenzi, is a member of the School District's Board of School Directors and is sued in her official capacity.

9.      Defendant, Frank J. Kambric, is a member of the School District's Board of School Directors and is sued in his official capacity.

10.      Defendant, Antonios J. Kapranos, is a member of the School District's Board of School Directors and is sued in his official capacity.

11.      Defendant, Sheri D. Moyer, is a member of the School District's Board of School Directors and is sued in her official capacity.

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

12.     Defendant, Frederick A. Stoltenberg, is a member of the School District's Board of School Directors and is sued in his official capacity.

13.     Defendant, Heidi E. Thomas, is a member of the School District's Board of School Directors and is sued in her official capacity.

14.     Defendant, Abigail A. Tierney, is a member of the School District's Board of School Directors and is sued in her official capacity.

Facts

### A. The School District's CharacterStrong & Social Emotional Learning Curriculum.

15.     The School District maintains a Social Emotional Learning ("SEL") course of curriculum known as CharacterStrong (sic).

*See* https://www.wssd.k12.pa.us/CharacterStrongSEL.aspx

16.     The School District uses the CharacterStrong SEL curriculum for students in kindergarten through grade 8. *Id.*

17.     According to the School District, the CharacterStrong SEL curriculum "intentionally teaches character traits and goes in-depth into what these traits look like and then follows up with practical ways to improve them in their own lives and with those around them." *Id.*

18.     The CharacterStrong SEL curriculum "is routine part of the student day with lessons included during morning meetings at the elementary schools." *Id.*

19.     Among other things, the CharacterStrong SEL curriculum promotes "pro-social" behavior and "seeing value in all things." *Id.*

5

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

20.     The CharacterStrong SEL curriculum teaches children to identify their own "values and virtues" and to reflect on those values to "help guide their decisions." https://www.youtube.com/watch?v=pJI-oq47hGk&t=390s

21.     Indeed, the CharacterStrong SEL curriculum "is more than a curriculum" and it instead seeks "to enable[] students to become their best possible selves." https://www.characterstrong.com/family-welcome-link/

22.     The School District acknowledges that the CharacterStrong SEL curriculum is designed to supplement the personal values that parents instill in their children. *Id.*

23.     Plaintiffs believe that the CharacterStrong SEL curriculum conflicts with their Christian beliefs.

**B. Plaintiff Alwine's request.**

24.     On August 25, 2022, under 22 Pa. Code § 4.4(b)(3), plaintiff, Kristi Alwine, provided written notice to the School District asserting her right to have her children, H.J. and F.J, excused from the CharacterStrong SEL curriculum because it conflicted with her religious beliefs. A copy of that notice is attached at Exhibit "A."

25.     It stated: "I am writing this to opt my children [identifies children and schools] out of the SEL/CASEL program Character Strong as it does not reflect our values, morals, and beliefs in our religion." *Id.*

26.     On August 26, 2022, Chris Stine, Principal of Rossmoyne Elementary School, responded to plaintiff Alwine's request by stating: "I have received the form

6

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

and will let the teachers know that your children will not be present for these lessons." A copy of this email is attached at Exhibit "B."

27.     But, later on August 26, 2022, the School District reversed course when defendant Whye emailed Alwine stating that the School District would not honor Alwine's right to have her children excused from the CharacterStrong SEL curriculum.

28.     Whye told Alwine that the School District would not respect Alwine's rights because:

> "[y]ou have not identified specific instruction within the curriculum, which conflicts with your religious beliefs. I have included the link to the Character Strong and Social Emotional Learning page on our website, which includes information about the curriculum (including specific lessons), as well as a link to obtain family access so you may review the curriculum in even greater detail. You might consider this review in order to better substantiate a later request for exemption. . . . The Character Strong curriculum has been approved by the Board of School Directors, and your children will participate as scheduled, unless you are able to identify specific instruction within the curriculum, which conflicts with your religious beliefs."

A copy of this email is attached at Exhibit "C."

29.     After defendant Whye's email on August 26, 2022, Principal Stine emailed Alwine stating: "My apologies, I misspoke in my previous response to you. I need to reference Dr. Whye's reply to you, she has outlined those areas where we still need to receive additional inforrmation [sic] from you in order to be in compliance with our board policy. I will be happy to comply with your wishes once we receive the information needed to exempt your children." A copy of this email is attached at Exhibit "D."

7

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

30.     On August 29, 2022, defendant Whye reiterated that Alwine's children would not be excused from the CharacterStrong SEL curriculum explaining "[a]t this time your children are not exempt from instruction as you have not identified specific instruction that is contrary to your religious beliefs." A copy of this email is attached as Exhibit "E."

31.     Thereafter, on September 7, 2022, Alwine again stated that she was exercising her rights under the Code stating: "Pursuant to 22 Pa. code 4.4(d)(3) and Board Policy 105.3, I am opting my children [identifies children] out of all character strong classroom lessons for the entire character strong curriculum. This opt out is because the character strong curriculum conflicts with my religious beliefs." A copy of that email is attached at Exhibit "F."

32.     But, on September 9, 2022, the defendants denied her request.

**C. Plaintiff Brandl's requests.**

33.     On September 2, 2022, plaintiff Brandi Brandl provided written notice to the School District that she was exercising her rights under the Code.

34.     That notice stated:

"Pursuant to 22 Pa Code § 4.4(d)(3) and board policy 105.3, I am opting [child's name] out of all the Character Strong classroom lessons for the Character Strong curriculum. This opt out is because the Character Strong conflicts with our religious beliefs."

A copy of this email is attached at Exhibit "G."

35.     On September 7, 2022, the School District notified Brandl that it would not honor her rights under the code and that her children would not be excused from the CharacterStrong SEL curriculum.

8

36.    On September 8, 2022, plaintiff Brandl submitted a second notification of her rights to School District, this time on a form sent to her by the School District.

37.    But on September 12, 2022, the School District again notified Brandl that it would not honor those rights.

38.    Despite denying plaintiffs' their respective religious exemptions, defendants have granted the religious exemption requests of other parents in the School District.

## CAUSES OF ACTION

### COUNT I
### INJUNCTIVE RELIEF

39.    Plaintiffs incorporate the previous paragraphs by reference.

40.    A special and preliminary injunction is necessary to prevent defendants from continuing to violate plaintiffs' statutory and constitutional rights and from continuing to require plaintiffs' children to attend the CharacterStrong SEL classroom instruction in violation of those rights.

41.    The five elements courts weigh when deciding whether to issue a preliminary injunction are (1) whether the injunction is necessary to prevent immediate and irreparable harm, which cannot be compensated by damages; (2) whether greater injury would result by refusing it than by granting it; (3) whether an injunction will restore the parties to the status quo as it existed immediately before the alleged wrongful conduct; (4) whether the alleged wrong is manifest, and the injunction is reasonably suited to abate it; and (5) whether the plaintiff's right to relief is clear. *Kierski v. Twp. of Robinson*, 810 A.2d 196, 198 (Pa.Cmwlth. 2002).

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

42.    Each of these five elements exists here.

43.    First, plaintiffs will suffer irreparable harm because defendants are refusing to honor the plaintiffs' rights under the Pennsylvania Code. *Shaeffer v. City of Lancaster*, 754 A.2d 719, 723 (Pa. Cmwlth. 2000) ("Statutory violations are sufficiently injurious to constitute irreparable harm.")

44.    22 Pa. Code § 4.4 states that parents have "[t]he right to have their children excused from specific instruction that conflicts with their religious beliefs, upon receipt by the school entity of a written request from the parent or guardians."

45.    Defendants are flatly denying plaintiffs that right.

46.    Plaintiffs submitted written requests for their children to be excused from specific instruction that conflicts with their religious beliefs.

47.    Plaintiffs are also suffering irreparable harm because defendants are violating their constitutional rights. *Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.")

48.    Second, greater injury will result if the injunction is not entered than if it is granted.

49.    If the injunction is granted the Court will restore plaintiffs' rights and defendants will suffer no harm. Defendants can continue to teach the CharacterStrong SEL curriculum; just not to plaintiffs' children, because it conflicts with their religious beliefs.

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

50.    Third, an injunction will restore plaintiffs' rights and maintain the status quo that existed before defendants subjected plaintiffs' children to the CharacterStrong SEL curriculum.

51.    Fourth, the injunction is reasonable and limited to abate the harm.

52.    Fifth, plaintiffs have made a prima facie case for relief.

## COUNT II
## DECLARATORY JUDGMENT

53.    Plaintiffs incorporate the previous paragraphs by reference.

54.    Pennsylvania's Declaratory Judgments Act, 42 Pa.C.S. § 7531, et seq., states in relevant part "[c]ourts of record, within their respective jurisdictions, shall have power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. No action or proceeding shall be open to objection on the ground that a declaratory judgment or decree is prayed for. The declaration may be either affirmative or negative in form and effect, and such declarations shall have the force and effect of a final judgment or decree."

55.    Chapter 4 of the Pennsylvania School Code authorizes parents or guardians to "have their children excused from specific instruction that conflicts with their religious beliefs, upon receipt by the school entity of a written request from the parent or guardians." 22 Pa. Code. § 4.4(b)(3).

56.    Board Policy 105.3, facially and as applied, conflicts with 22 Pa.Code. § 4.4(b)(3). A copy of Board Policy 105.3 is attached at Exhibit "H."

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

57.     Board Policy 105.3 states the School District and its employees do not have a responsibility to ensure children are actually excused from specific instruction that their parents have opted them out of.

58.     Board Policy 105.3 explicitly states it is the child's responsibility to excuse themselves from specific instruction that their parents' have opted them out of receiving.

59.     Board Policy 105.3 is invalid because it violates the plain language of 22 Pa. Code § 4.4.

60.     Board Policy 105.3 is invalid because it violates the First and Fourteenth Amendments.

61.     "[R]eligious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Fulton v. City of Philadelphia, Pennsylvania*, 141 S.Ct. 1868, 1876 (2021).

62.     Board Policy 105.3 unduly burdens plaintiffs' exercise of their First Amendment rights and defendants have no compelling justification to deny plaintiffs' religious exemption request.

63.     Board Policy 105.3 is invalid because it violates plaintiffs' fundamental right to make child rearing decisions under the Fourteenth Amendment.

64.     Finally, Board Policy 105.3 violates plaintiffs' Fourteenth Amendment equal protection rights because defendants have denied plaintiffs' religious exemption requests but granted other religious exemption requests.

## Demand for Relief

12

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

WHEREFORE, Plaintiffs, Kristie Alwine, Frank W. Johnson, Sr., Brandi Brandl, and Oliver Brandl, III respectfully request that this Court enter judgment in their favor and against defendants and award the following relief:

1.      Enjoining defendants and anyone acting through, with, or on behalf of them, from requiring plaintiffs' children to attend CharacterStrong classroom lessons or being subject to the CharacterStrong SEL curriculum;

2.      Enjoining defendants and anyone acting through, with, or on behalf of them, from requiring plaintiffs' children to excuse themselves from class related to their parents' opt out of specific instruction;

3.      Declaring Board Policy 105.3 void, invalid, and unconstitutional;

4.      Awarding plaintiffs monetary damages and attorneys fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988; and

5.      Awarding plaintiffs all appropriate and necessary relief.

Respectfully submitted,

Dated:  January 25, 2023

*/s/Walter S. Zimolong*
Walter S. Zimolong, III, Esquire
James J. Fitzpatrick, III, Esquire
ZIMOLONG LLC
wally@zimolonglaw.com
james@zimolonglaw.com
P. O. Box 552
Villanova, PA 19085
(215) 665-0842

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

14

*/s/ Nicholas R. Barry*
*(pro hac vice admission pending)*
America First Legal Foundation
Tennessee Bar No. 031963
nicholas.barry@aflegal.org
611 Pennsylvania Ave SE #231
Washington, DC 20003

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Brandi Brandl, verify that that the facts contained in the foregoing are true and correct based upon my knowledge, information, and belief.  However, while the facts are true and correct based upon my knowledge, information, and belief, the words contained in the foregoing are those of counsel and not mine.  I understand that statements herein are made subject to the penalties set forth in 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Case# 2023-00812-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the
Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Oliver Brandl, verify that that the facts contained in the foregoing are true and correct based upon my knowledge, information, and belief. However, while the facts are true and correct based upon my knowledge, information, and belief, the words contained in the foregoing are those of counsel and not mine. I understand that statements herein are made subject to the penalties set forth in 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

## VERIFICATION

I, Kristi Alwine, verify that that the facts contained in the foregoing are true and correct based upon my knowledge, information, and belief. However, while the facts are true and correct based upon my knowledge, information, and belief, the words contained in the foregoing are those of counsel and not mine. I understand that statements herein are made subject to the penalties set forth in 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

# VERIFICATION

I, Frank W. Johnson Sr., verify that that the facts contained in the foregoing are true and correct based upon my knowledge, information, and belief. However, while the facts are true and correct based upon my knowledge, information, and belief, the words contained in the foregoing are those of counsel and not mine. I understand that statements herein are made subject to the penalties set forth in 18 Pa. C.S.A. §4904 relating to unsworn falsification to authorities.

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

From: ksumer87@live.com <ksumer87@live.com>
Sent: Wednesday, August 24, 2022 3:27 PM
To: fwjohnson86 <fwjohnson86@yahoo.com>; Stine, Christopher <CStine@wssd.k12.pa.us>; Whye, Jamie <JWhye@wssd.k12.pa.us>; Fillgrove, Kevin <KFillgrove@wssd.k12.pa.us>
Subject: Request for Exemption from Instruction

**ATTENTION**
This message originated outside of West Shore School District. DO NOT click links or open attachments before confirming the identity of the sender.

PLEASE SEE ATTACHED FILES

They are the Request for Exemption from Instruction

Dr. Kevin Fillgrove
Mr. Stine
Dr. Whye

School Year 2022-2023

I am resending the OPT OUT for Character Strong I was not aware there was a district form that needed to be filled out.

I am writing this to opt my children REDACTED 12th grade, REDACTED 11th grade, REDACTED 9th grade at Cedar Cliff HS and REDACTED 3rd grade and REDACTED grade K at Rossmoyne Elementary out of the SEL/CASEL program Character Strong as it does not reflect our values, morals, and beliefs in our religion. I have been researching and reviewing the program over the last few months and I do not find it to be beneficial that my children take part in Character Strong and its entirety.
For my family to even consider taking part in Character Strong, I need you to understand that I do not agree with "what is said in the circle stays in the circle". This can be very dangerous and why is the "circle" secretive? My children need to be comfortable coming to me if something is making them uncomfortable and not feel they can not share with me. Also asking that you certify that you uphold the values, morals, and religious beliefs we practice in my home will be protected. Can you certify that there will be no discussion on if one race is dominate over another or that one may be more privileged? Can you certify that you will not preach or speak of that there are more than two genders? OUR BEFLIEF IS THERE ARE ONLY TWO GENDERS. Can you certify that and protect our belief that we are PRO LIFE. Not pro-choice.

PLAINTIFF'S EXHIBIT

**A**

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

As a parent I get to choose (not the school district) how to raise my children and what values, morals, and religious beliefs I want my children to have, just as my parents did. I get to choose how they can show empathy to another individual (not every human is deserving of my child's empathy). I get to teach them when and how to respect others. I have the right to teach them respect. Again, not everyone deserves respect, empathy, honesty, kindness etc. from my children. It is taught in my home by myself and their father what is right and wrong. To tell you so far out of all five of my children, they know when, where and how to use these characters the way I SEE fit until they are no longer children, they then will get to decide for themselves.

School is no place for specific character building. Or persuading. Your job is to teach my children to read, write, do math and learn about true history. Not teach them what morals, values, and beliefs they should follow by a one-sided government funded program. We are humans we are not to be all the same, we are to be different. Could you imagine living in a world where we all had the same clothes, homes, cars, morals, values, beliefs......HOW BORING THAT WOULD BE. This country was built for FREEDOM. YOU DO NOT GET TO TAKE THAT AWAY. It is my understanding that the High School is NOT implementing the program currently. But I'm sure it's coming, and I wanted to insure all my children are exempted from Character Strong SEL/CASEL program which is why I included them.

Thank you for you time and understanding,
Mrs. Kristi Alwine
717-706-5328

From: Stine, Christopher <CStine@wssd.k12.pa.us>
To: ksumer87@live.com <ksumer87@live.com>
Date: Friday, August 26, 2022, 8:29 AM -0400
Subject: Re: Request for Exemption from Instruction

ATTENTION
This message originated outside of West Shore School District. DO NOT click links or open attachments before confirming the identity of the sender.

I have received the form and will let the teachers know that your children will not be present for these lessons.

**Chris Stine**
Principal
Rossmoyne Elementary School



PLAINTIFF'S
EXHIBIT

B

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

From: Whye, Jamie <JWhye@wssd.k12.pa.us>
To: ksumer87@live.com <ksumer87@live.com>, Stine, Christopher <CStine@wssd.k12.pa.us>, Fillgrove,
Kevin <KFillgrove@wssd.k12.pa.us>, Jones, Tammi <TJones@wssd.k12.pa.us>, Harrison, David
<DHarrison@wssd.k12.pa.us>
Cc: Jones, Tammi <TJones@wssd.k12.pa.us>, Harrison, David <DHarrison@wssd.k12.pa.us>
Date: Friday, August 26, 2022, 7:59 AM -0400
Subject: RE: Request for Exemption from Instruction

---

**ATTENTION**
**This message originated outside of West Shore School District. DO NOT click links or open**
**attachments before confirming the identity of the sender.**

---

Regarding exemption for instruction for REDACTED 3rd grade and REDACTED Jr grade K at
Rossmoyne Elementary.

Dear Mrs. Alwine,

I wanted to clarify the circle activity purpose as well as answer a few questions you asked in your most
recent response.

The circle activity is a time the class can discuss the trait for the month and respond to some questions.
The statement "what is said in the circle stays in the circle" is about not leaving the class and gossiping
about what was discussed. It is not about keeping things from parents. I am not sure if you reviewed
some of the possible questions a teacher could pose to the class or not. The questions are located in
each week's lesson. If after review of the questions you have specific circle lessons you want your
children exempt from based on religious reasons, please let me know and we can address that.

Here are the answers to questions you asked:

Can you certify that there will be no discussion on if one race is dominate over another or that one may
be more privileged? There is nothing in the program that is remotely related to this type of discussion.

Can you certify that you will not preach or speak of that there are more than two genders? There is
nothing in the program that is remotely related to this type of discussion.

OUR BEFLIEF IS THERE ARE ONLY TWO GENDERS.



PLAINTIFF'S
EXHIBIT

**C**

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Can you certify that and protect our belief that we are PRO LIFE. Not pro-choice. There is nothing in the program that is remotely related to this type of discussion.

As I indicated previously, the information you provided does not meet the expectations outlined in Board Policy 105.3 and lacks the level of detail required for exemption. You have not identified specific instruction within the curriculum, which conflicts with your religious beliefs.

I have included the link to the CharacterStrong and Social Emotional Learning page on our website, which includes information about the curriculum (including specific lessons), as well as a link to obtain family access so you may review the curriculum in even greater detail.  You might consider this review in order to better substantiate a later request for exemption.
https://www.wssd.k12.pa.us/CharacterStrongSEL.aspx

The CharacterStrong curriculum has been approved by the Board of School Directors, and your children will participate as scheduled, unless you are able to identify specific instruction within the curriculum, which conflicts with your religious beliefs.

In regards to your high school age children, REDACTED 12th grade, REDACTED 11th grade, REDACTED 9th grade at Cedar Cliff HS, we do not have a curriculum in place at this time. When we do you may go through the exemption process, which includes a thorough review of the curriculum.

Thank you

Jamie

Dr. Jamie Whye

Assistant Superintendent, West Shore School District

507 Fishing Creek Road, New Cumberland PA 17070

Phone 717-938-9577

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.



Fax 717-938-2779

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

From: Stine, Christopher <CStine@wssd.k12.pa.us>
To: Stine, Christopher <CStine@wssd.k12.pa.us>, ksumer87@live.com <ksumer87@live.com>
Cc: ksumer87@live.com <ksumer87@live.com>
Date: Friday, August 26, 2022 at 8:38 AM -0400
Subject: Re: Request for Exemption from Instruction

**ATTENTION**
**This message originated outside of West Shore School District. DO NOT click links or open attachments before confirming the identity of the sender.**

My apologies, I misspoke in my previous response to you. I need to reference Dr. Whye's reply to you, she has outlined those areas where we still need to receive additional inforrmation from you in order to be in compliance with our board policy.
I will be happy to comply with your wishes once we receive the  information needed to exempt your children.

Thanks.
**Chris Stine**
Principal
Rossmoyne Elementary School



PLAINTIFF'S
EXHIBIT

**D**

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Sent from myMail for iOS

-------- Forwarded message --------
From: <ksumer87@live.com>
To: Whye, Jamie <JWhye@wssd.k12.pa.us>, Stine, Christopher <CStine@wssd.k12.pa.us>,
Fillgrove, Kevin <KFillgrove@wssd.k12.pa.us>, Frank Johnson <fwjohnson86@yahoo.com>,
Stoltz, Todd <TStoltz@wssd.k12.pa.us>, bguistwhite <bguistwhite@wssd.k12.pa.us>,
Kambic, Christopher <ChKambic@wssd.k12.pa.us>, Crager, Jennifer
<jcrager@wssd.k12.pa.us>, fkambic <fkambic@wssd.k12.pa.us>, smoyer
<smoyer@wssd.k12.pa.us>, fstoltenburg <fstoltenburg@wssd.k12.pa.us>, hethomas
<hethomas@wssd.k12.pa.us>, atierney <atierney@wssd.k12.pa.us>, allison.shipp
<allison.shipp@gmail.com>
Date: Wednesday, September 7, 2022, 9:07 AM -0400
Subject: Character Strong OPT Out

Subject: Character Strong OPT Out

Good Morning,

I am reaching out once again to opt my children out of character strong.

Pursuant to 22 Pa. code 4.4(d)(3) and Board Policy 105.3, I am opting my
children out of all character strong classroom lessons for the entire character
strong curriculum. This opt out is because the character strong curriculum conflicts with
my religious beliefs.

For my family to even consider taking part in Character Strong, I need
you to understand that I do not agree with "what is said in the circle stays



PLAINTIFF'S
EXHIBIT

F

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

in the circle". This can be very dangerous and why is the "circle" secretive? My children need to be comfortable coming to me if something is making them uncomfortable and not feel they cannot share with me. How do you know what these teachers are telling our kids in these secret circles? Also asking that you

1. certify that you uphold the values, morals, and religious beliefs we practice in my home will be protected.
2. Can you certify that there will be no discussion on if one race is dominate over another or that one may be more privileged?
3. Can you certify that you will not preach or speak of that there are more than two genders? OUR BEFLIEF IS THERE ARE ONLY TWO GENDERS.
4. Can you certify that and protect our belief that we are PRO LIFE. Not pro-choice.

> Yes, I have not seen any of this brought up but it is an open discussion curriculum so you can NOT certify it won't be brought up in discussion.

As a parent I get to choose (not the school district) how to raise my children and what values, morals, and religious beliefs I want my children to have, just as my parents did. I get to choose how they can show empathy to another individual (not every human is deserving of my child's empathy). I get to teach them when and how to respect others. I have the right to teach them respect. Again, not everyone deserves respect, empathy, honesty, kindness etc. from my children. It is taught in my home by myself and their father what is right and wrong. To tell you so far out of all five of my children, they know when, where and how to use these characters the way I SEE fit until they are no longer children, they then will get to decide for themselves.

School is no place for specific character building. Or persuading. Your job is to teach my children to read, write, do math, and learn about true history. Not teach them what morals, values, and beliefs they should follow by a one-sided government funded program. We are humans we are not to be all the same, we are to be different. Could you imagine living in a world where we all had the same clothes, homes, cars, morals, values, beliefs......HOW BORING THAT WOULD BE. This country was built for FREEDOM. YOU DO NOT GET TO TAKE THAT AWAY.

It is my understanding that the High School is NOT implementing the program currently. But I'm sure it's coming, and I wanted to insure all my children are exempted from Character Strong SEL/CASEL program which is why I included them.

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

Sent from myMail for iOS


-------- Forwarded message --------
From: <ksumer87@live.com>
To: Whye, Jamie <JWhye@wssd.k12.pa.us>, Stine, Christopher <CStine@wssd.k12.pa.us>,
Fillgrove, Kevin <KFillgrove@wssd.k12.pa.us>, Frank Johnson <fwjohnson86@yahoo.com>,
Stoltz, Todd <TStoltz@wssd.k12.pa.us>, bguistwhite <bguistwhite@wssd.k12.pa.us>,
Kambic, Christopher <ChKambic@wssd.k12.pa.us>, Crager, Jennifer
<jcrager@wssd.k12.pa.us>, fkambic <fkambic@wssd.k12.pa.us>, smoyer
<smoyer@wssd.k12.pa.us>, fstoltenburg <fstoltenburg@wssd.k12.pa.us>, hethomas
<hethomas@wssd.k12.pa.us>, atierney <atierney@wssd.k12.pa.us>, allison.shipp
<allison.shipp@gmail.com>
Date: Wednesday, September 7, 2022, 9:07 AM -0400
Subject: Character Strong OPT Out


Subject: Character Strong OPT Out


Good Morning,

   I am reaching out once again to opt my children out of character strong.

   Pursuant to 22 Pa. code 4.4(d)(3) and Board Policy 105.3, I am opting my children out of all character strong classroom lessons for the entire character strong curriculum. This opt out is because the character strong curriculum conflicts with my religious beliefs.

   For my family to even consider taking part in Character Strong, I need you to understand that I do not agree with "what is said in the circle stays



PLAINTIFF'S
EXHIBIT
F

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

in the circle". This can be very dangerous and why is the "circle" secretive? My children need to be comfortable coming to me if something is making them uncomfortable and not feel they cannot share with me. How do you know what these teachers are telling our kids in these secret circles? Also asking that you

1. certify that you uphold the values, morals, and religious beliefs we practice in my home will be protected.
2. Can you certify that there will be no discussion on if one race is dominate over another or that one may be more privileged?
3. Can you certify that you will not preach or speak of that there are more than two genders? OUR BEFLIEF IS THERE ARE ONLY TWO GENDERS.
4. Can you certify that and protect our belief that we are PRO LIFE. Not pro-choice.

> Yes, I have not seen any of this brought up but it is an open discussion curriculum so you can NOT certify it won't be brought up in discussion.

As a parent I get to choose (not the school district) how to raise my children and what values, morals, and religious beliefs I want my children to have, just as my parents did. I get to choose how they can show empathy to another individual (not every human is deserving of my child's empathy). I get to teach them when and how to respect others. I have the right to teach them respect. Again, not everyone deserves respect, empathy, honesty, kindness etc. from my children. It is taught in my home by myself and their father what is right and wrong. To tell you so far out of all five of my children, they know when, where and how to use these characters the way I SEE fit until they are no longer children, they then will get to decide for themselves.

School is no place for specific character building. Or persuading. Your job is to teach my children to read, write, do math, and learn about true history. Not teach them what morals, values, and beliefs they should follow by a one-sided government funded program. We are humans we are not to be all the same, we are to be different. Could you imagine living in a world where we all had the same clothes, homes, cars, morals, values, beliefs......HOW BORING THAT WOULD BE. This country was built for FREEDOM. YOU DO NOT GET TO TAKE THAT AWAY.

It is my understanding that the High School is NOT implementing the program currently. But I'm sure it's coming, and I wanted to insure all my children are exempted from Character Strong SEL/CASEL program which is why I included them.

W E S T   S H O R E   S C H O O L   D I S T R I C T

# Request for Exemption from Instruction

*Completed and signed requests should be submitted to building administration. Each request will be reviewed for compliance with Board Policy 105.3 and state law. Please contact building administration with questions.*

Parent/Guardian: Brandi + Oliver Brandl       School: Highland

Student: Karalynn Brandl                              Grade: 4th

Street Address: 2002 Carlisle Rd

City: Camp Hill        State: PA        Zip Code: 17011

Daytime Phone Number: (717) 817-0484    E-Mail Address: Brandl.10@hotmail.com

**Please Note: Parents/Guardians have the right to have their child excused from specific instruction only on the basis of a conflict with their religious beliefs (those of the parent or the student). Specific instruction is defined as identifiable elements of instruction from a teacher, not academic standards or an entire curriculum.**

*Procedure for Exemption from Instruction Requests*

- If the request for exemption complies with Board Policy 105.3 and state law, the Assistant Superintendent will (a) notify the Parent that the exemption is granted; (b) indicate where the student will report for excusal; and (c) explain the process for a student to exercise his/her right to be excused in accordance with their Parent's request. The building administrator will share with the teacher(s) the specific instruction for which the exemption has been approved.

- If the request for exemption from instruction does <u>not</u> comply with Board Policy 105.3 and state law, the Parent will be notified that the exemption is denied.

## REQUEST

**Describe the specific areas of instruction being requested for exemption:** To assist the District and school staff in ensuring that the student is excused from the correct instruction, be as detailed as possible in your description. If needed, additional pages may be used.

See attached paper

## ATTESTATION

**By signing below, I attest to the following:**

- The specific instruction described in this request conflicts with my or my student's religious beliefs.
- I spoke with building administration about my concern(s) prior to completing this form.
- I read Board Policy 105.3 and understand my request and the detail I provided in the completion of this form will be reviewed in conjunction with Board Policy and state law.

Signature: Brandi Brandl        Date: 9/2/2022

PLAINTIFF'S EXHIBIT

G

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $1.00. Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

To whom it may concern:

Pursuant to 22 Pa Code § 4.4(d)(3) and board policy 105.3,I am opting ⬛REDACTED⬛ out of all the Character Strong classroom lessons for the Character Strong curriculum. This opt out is because the Character Strong conflicts with our religious beliefs.

<u>Seventh Day Adventist Believe… 27 A biblical exposition of fundamental doctrines</u> Chapter 22 page 295

The home is a primary setting for the restoration of the image of God in men and women. Within the family, father, mother, and children can express themselves fully, meeting each other's needs for belonging, love, and intimacy. Here identity is established and feelings of personal worth are developed. The home is also the place where, by God's grace, the principles of real Christianity are put into practice, and its values transmitted from one generation to the next.

The family can be a place of great happiness. It can also be the scene of terrible hurt. Harmonious family life demonstrates the principles of Christianity truly lived out, revealing the character of God. Unfortunately, the manifestation of these characteristics is altogether too rare in modern homes. Instead, many families demonstrate the thoughts and intents of the selfish human heart—quarrelling, rebelliousness, rivalry, anger, impropriety, and even cruelty. Yet these characteristics were not part of God's original plan. Jesus said, "From the beginning it was not so" (Matt. 19:8).

*Brandi Brandle*

*[signature]*

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1/4/23, 12:25 PM

BoardDocs® PL

PLAINTIFF'S
EXHIBIT

H



**WEST
SHORE**
School District

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

| | |
|---|---|
| Book | WSSD Policy Manual |
| Section | 100 Programs |
| Title | Exemptions From Instruction |
| Code | 105.3 |
| Status | Active |
| Legal | 1. 22 PA Code 11.7 |
| | 2. 22 PA Code 4.4 |
| | 3. Pol. 127 |
| | 4. Pol. 102 |
| | 5. Pol. 217 |
| Adopted | March 16, 1995 |
| Last Revised | December 17, 2015 |

**Purpose**

The purpose of this policy is to comply with the requirement of the State Board of Education that school districts adopt policies that assure parents/guardians the right to have their children excused from specific instruction that conflicts with their religious beliefs.

**Authority**

The Board adopts this policy to ensure that parents/guardians have the right to have their children excused from specific instruction that conflicts with their religious beliefs.[2][1]

**Definition**

As used in this policy, the phrase specific instruction means identifiable elements of instruction by the teacher. It does not include academic standards.

**Guidelines**

The rights granted by this policy are granted to parents/guardians of students enrolled in this District when the students are under the age of eighteen (18) and to the students themselves when the student is eighteen (18) or over, unless the student is incapable of making the decision due to a disability.

The District utilizes a variety of assessments to determine student achievement and growth that are integral to the instructional program. Students will not be excused from assessments that are used to inform instruction.[3]

The District shall excuse any student from specific instruction, as defined in this policy, subject to the following conditions:

Case# 2023-00612-0 Received at Cumberland County Prothonotary on 01/25/2023 12:44 PM, Fee = $180.00. The filer certifies that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

1. To assist the District in ensuring that the student is excused from the correct specific instruction, the request must be made in writing and must detail the specific instruction from which the student is to be excused.

2. The written request to be excused shall be sent by the parent/guardian or student to the building administrator.

3. One (1) copy of the request shall be retained in the student's permanent school records, one (1) copy shall be kept by the building administrator, and one (1) copy shall be submitted to the teacher from whose specific instruction the student is to be excused.

4. It shall not be the responsibility of the District or any of its employees to ensure that the child exercises his/her right to be excused in accordance with a parental/guardian request. It shall be the responsibility of the student to request permission to leave class when the specific instruction objected to is or is about to be presented. When the student seeks to be excused, the teacher shall excuse the student if (a) the teacher or a principal has a copy of the written request; and (b) the written request adequately describes the specific instruction that is taking place or about to take place.

5. The written request must contain a statement that the specific instruction described conflicts with the religious beliefs of the student and/or of the parents/guardians.

6. Exemption from specific instruction shall not favorably nor adversely affect the excused student's grade in that particular course.

7. At the option of the District, whenever a student is excused from specific instruction, the District may, but shall not be obligated to, assign alterative lessons, materials, or activities, and the student may be graded or assessed based on the alternative option.

8. The parent/guardian and/or student may request/suggest, on the request to be excused, replacement educational activities in which the student shall engage during the time the student is excused. The only permissible educational activity for this purpose shall be in the nature of replacement instruction that is consistent with the goals set for the course and that does not require the provision of any extra resources by the District.

9. The building administrator shall determine where the student shall report during the time the student is excused.

Graduation

All students excused from specific instruction shall be required to achieve the learning outcomes or academic standards established by the District, or state, as necessary for graduation.[4][5]