UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDI BRANDL, | : | |
| OLIVER BRANDL, III | : | No.:  1:23-cv-00368-SHR |
| KRISTIE ALWINE, AND | : | |
| FRANK W. JOHNSON, SR., | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| WEST SHORE SCHOOL | : | Civil Action |
| DISTRICT, TODD STOLTZ, | : | |
| in his official capacity, BRIAN K. | : | |
| GUISTWHITE, in his official | : | |
| capacity, CHRISTOPHER J. | : | |
| KAMBIC, in his official capacity, | : | |
| JUDITH A. CROCENZI, in her | : | |
| official capacity, FRANK J. | : | |
| KAMBRIC, ANTONIOS J. | : | |
| MAPRANOS, in his official capacity | : | |
| SHERI D. MOYER, in her official | : | |
| capacity, FRANK A. | : | |
| STOLTENBURG, in his official | : | |
| capacity, HEIDI E. THOMAS, in her | : | |
| official capacity, and ABIGAIL A. | : | |
| TIERNEY, in her official capacity, | : | |
| Defendants | : | |

**MOTION TO DISMISS COMPLAINT IN ACCORDANCE**
**WITH F.R.C.P. 12(b)(1) and 12(b)(6)**

AND NOW, this 6th day of March, 2023, come the Defendants, West Shore

School District, Todd Stoltz, in his official capacity, Jamie Whye, in her official

capacity, Brian K. Guistwhite, in his official capacity, Christopher J. Kambic, in his

official capacity, Judith A. Crocenzi, in her official capacity, Frank J. Kambric, in his official capacity, Antonios J. Mapranos, in his official capacity, Sheri D. Moyer, in her official capacity, Frank A. Stoltenburg, in his official capacity, Heidi E. Thomas, in her official capacity, and Abigail A. Tierney, in her official capacity, by and through their Attorneys, Gregory W. Bair, II, Esquire, David M. Walker, Esquire, and the law firm of Stock and Leader, LLP, and pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and moves this court for an order dismissing Plaintiffs' Complaint  in favor of the Defendants and against Plaintiffs.  In Support of their Motion, Defendants state:

1.      Plaintiffs' Complaint purports to assert two causes of actions sounding in injunctive and declaratory relief (*see* Counts I and II of the Complaint at pp 9 and 11, respectively).

2.      This matter arises from Plaintiffs' request to exempt their children from the West Shore School District's Social-Emotional Learning ("SEL") program, "CharacterStrong".

3.      Plaintiffs allege that each have made requests to the School District to have their children excused from the SEL curriculum, but such requests have been denied by the School District.

4.      The School District responded to these requests consistent with establish Board Policy (Exhibit H of the Complaint) and with 22 Pa. Code § 4.4.

5.    Plaintiffs' assert that the "SEL curriculum conflicts with their Christian beliefs."  Complaint at ¶¶ 23, 46.

6.    In support of the requests for declaratory relief, the Plaintiffs allege that they are suffering "irreparable harm because defendants are violating their constitutional rights."  Complaint at ¶ 47.

7.    In Plaintiffs' request for declaratory relief, Plaintiffs asserts that "Board Policy 105.3 is invalid because it violates the First and Fourteenth Amendments."  ¶ 60.

8.    Plaintiffs continue by claiming that the policy in question is unduly burdensome to Plaintiffs' exercise of their First Amendment rights.  Complaint at ¶ 62.

9.    Plaintiffs allege that the subject policy violates "plaintiff's fundamental right to make child rearing decisions under the Fourteenth Amendment."  Complaint at ¶ 63.

10.    Moreover, Plaintiffs assert that the subject policy violates the Plaintiffs' Fourteenth Amendment right to equal protection.  Complaint at ¶¶ 64.

11.    In Plaintiffs' *ad damnum* clause following Count II (Plaintiff fails to include an *ad damnum* clause following Count I), Plaintiff specifically makes a prayer for relief to have Policy 105.3 voided and deemed unconstitutional and be

4866-6622-0372, v. 2

awarded money damages and attorneys' fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. *See* Complaint at *ad damnum* clause ¶¶ 1, 4.

12.     The Defendants assume, without admitting, that Plaintiffs intended to bring a claim under 42 U.S.C. § 1983.

## Official Capacity Claims

13.     Plaintiffs name the following Defendants in their official capacities: Todd Stoltz, Jamie Whye (which Plaintiffs have failed to name in the caption but assert claims within the body of their Complaint), Brian K. Guistwhite, Christopher J. Kambic, Judith A. Crocenzi, Frank J. Kambric [sic], Antonios J. Mapranos [sic], Sheri D. Moyer, Frank A. Stoltenburg [sic], Heidi E. Thomas and Abigail A. Tierney.

14.     Plaintiffs do not allege individual capacity claims against any of these employees or Board Members of the School District. To the contrary, the Complaint makes clear that only official capacity claims are alleged. *See* Complaint at ¶¶ 4 – 14.

15.     Because Plaintiff also alleges claims against Defendant School District (see Complaint at ¶3), naming Defendants in their official capacities is redundant and ripe for dismissal. *Burton v. City of Philadelphia,* 121 F. Supp. 2d 810, 812 (E.D.Pa. 2000). Therefore, all claims against Defendants in their official capacity should be dismissed.

4

16.     For the reasons more fully stated in the brief, which will be filed in accordance with Local Rule 7.05, the Plaintiffs have failed to state a cause of action against the Defendants, there is no legal basis for Plaintiffs' claims and the claims against them must be dismissed in their entirety.

### Count I – Preliminary and Special Injunction

17.     Plaintiffs' children have been excused from participating in the SEL curriculum during the pendency of this litigation.

18.     Plaintiffs seek a "special and preliminary injunction" prohibiting the School District from requiring that their children participate in the CharacterStrong SEL curriculum. *See* Complaint at ¶ 40.

19.     The Plaintiffs do not seek permanent injunctive relief.

20.     Special and/or preliminary injunctive relief requires a plaintiff to plead and prove, *inter alia,* that an injunction is necessary to prevent immediate and irreparable harm; and greater injury would result from refusing an injunction than from granting it.

21.     Because Plaintiffs' children have been exempted from SEL curriculum, Plaintiffs cannot show that injunctive relief is necessary to prevent immediate and irreparable harm.

22.     Plaintiffs' exemption also prevents Plaintiffs from being able to prove that greater injury will result to them if an injunction is not granted.

5

23.    Plaintiffs' exemption also results in their request for preliminary injunctive relief as being moot.

24.    Plaintiffs fail to plead anything more than a formulaic recitation of the elements of a preliminary injunction under Pennsylvania law.

25.    Moreover, the Complaint contains no facts to support each element of a preliminary injunction sufficient to 'show' an entitlement to such relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

26.    No well-pleaded facts sufficient to show that the Plaintiffs' have a plausible claim for relief remain after stripping away and disregarding the mere legal conclusions alleged by Plaintiffs to support their request for preliminary injunctive relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11(3d Cir. 2009).

27.    Plaintiffs' request for preliminary and special injunctive relief must be dismissed because Plaintiffs cannot support a plausible claim for relief.

28.    For the reasons more fully stated in the brief, which will be filed in accordance with Local Rule 7.05, the Plaintiffs have failed to state a cause of action against the Defendants, there is no legal basis for Plaintiffs' claims and the claims against them must be dismissed in their entirety.

## Count II – Declaratory Relief

29.     Despite Plaintiffs' citation to federal decisional and statutory law, Plaintiffs' request for declaratory relief is only sought under Pennsylvania's Declaratory Judgment Act.

30.     Federal Courts sitting in Pennsylvania do not have authority to grant declarations under Pennsylvania's Declaratory Judgments Act, 42 PA. CONS. STAT. § 7532. *See Keystone ReLeaf LLC v. PA Dep't of Health*, 186 A.3d 505, 517 (Pa. Commw. Ct. 2018). Rather, this Court's authority to issue declaratory relief arises only from the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *4431, Inc. v. Cincinnati Ins. Cos.*, 504 F. Supp. 3d 368, 375 n.5 (E.D. Pa. 2020).

31.     This Court lacks subject matter jurisdiction to issue declarations under the Pennsylvania Declaratory Judgment Act.

32.     This Honorable Court should decline to exercise its discretion to entertain Plaintiffs' claim for declaratory relief.

33.     Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added); *see also Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014).

34.     Here, no actual controversy continues to exist with respect to the School District's policy and the Plaintiffs' constitutional right due to the fact that the Plaintiffs' children are exempt from the curriculum at issue during the pendency of this litigation. The ultimate resolution of Plaintiffs' other claims will resolve this issue without the need for declaratory relief. As such, granting declaratory relief at this time would not serve to resolve the uncertainty of obligations that gave rise to the controversy.

35.     There is little public interest in the settlement of any uncertainty of obligations with respect to the parties. This case involves the specific religious exemption requests of two families with respect to the content of the SEL program utilized for only specific grade levels within the School District. By its very nature, the legitimacy and permissibility of such exemptions is determined on a case-by-case basis.

36.     For the reasons more fully stated in the brief, which will be filed in accordance with Local Rule 7.05, the Plaintiffs have failed to state a cause of action against the Defendants, there is no legal basis for Plaintiffs' claims and the claims against them must be dismissed in their entirety.

### _Ad Damnum Clause and Prayer for Relief_

37.     Plaintiffs' Complaint is unartfully drafted.

38.     Plaintiffs assert various unspecified violations of their rights under the First and Fourteenth Amendments. *See* Complaint at ¶¶ 60 – 64.

39.     In Plaintiffs' *ad damnum* clause following Count II (Plaintiff fails to include an *ad damnum* clause following Count I), Plaintiff specifically makes a prayer for relief to have Policy 105.3 voided and deemed unconstitutional and be awarded money damages and attorneys' fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988. *See* Complaint at *ad damnum* clause ¶¶ 1, 4.

40.     The Defendants assume, without admitting, that Plaintiffs intended to bring a claim under 42 U.S.C. § 1983.

41.     The Complaint fails to plead a specific cause of action to support these alleged Constitutional violations.

42.     Without doing so, Plaintiffs fail to give the Defendants fair notice of what their claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). On this basis alone, Plaintiffs fail to state a claim upon which relief can be granted.

43.     Plaintiffs assert nothing more than legal labels and conclusions alluding to potential violations of their Constitutional rights. Plaintiffs provide no factual support for their assertion that the School District's policy "unduly burdens plaintiffs' exercise of their First Amendment rights." *See* Complaint at § 62.

4866-6622-0372, v. 2

44.     Plaintiffs do not plead any facts to support their assertion that the School District's policy "violates plaintiffs' fundamental right to make child rearing decisions under the Fourteenth Amendment," nor do Plaintiffs provide any authority clearly outlining the legal source and parameters for this alleged right. *See* Complaint at ¶ 63.

45.     Most egregiously, Plaintiffs assert that the School District's policy violates their "Fourteenth Amendment equal protection rights because defendants have denied plaintiffs' religious exemption requests but granted other religious exemption requests" without pleading any facts related to the School District's application of the policy to other individuals. *See* Complaint at ¶ 64.

46.     This Court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

47.     Consequently, Plaintiffs fail to state a claim under Section 1983 upon which relief can be granted.

48.     This Court should dismiss all such alluded to claims against all Defendants, as well as dismiss all related requests for payment of monetary damages and attorneys' fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

49.     For the reasons more fully stated in the brief, which will be filed in accordance with Local Rule 7.05, the Plaintiffs have failed to state a cause of action

4866-6622-0372, v. 2

against the Defendants, there is no legal basis for Plaintiffs' claims and the claims against them must be dismissed in their entirety.

WHEREFORE, Defendants respectfully request this Honorable Court enter an order granting their Motion to Dismiss in their favor and against Plaintiffs and grant other relief as this Court deems just and proper.

Respectfully submitted,

STOCK AND LEADER

By:  */s/ Gregory W.  Bair, II, Esquire*
      Gregory W.  Bair, II, Esquire
      Supreme Court I.D.  #208156
      David M. Walker, Esquire
      Supreme Court I.D. #312560
      Stock and Leader
      Susquehanna Commerce Center East
      221 W.  Philadelphia Street
      York, PA 17401-2994
      Telephone:  (717) 846-9800
      Fax:  (717) 843-6134
      E-mail:  gwb@stockandleader.com
      Attorney for Defendants

4866-6622-0372, v. 2