UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDI BRANDL, | : | |
| OLIVER BRANDL, III | : | No.:  1:23-cv-00368-SHR |
| | | |
| KRISTIE ALWINE, AND | : | |
| FRANK W. JOHNSON, SR., | : | |
|      Plaintiffs | : | |
| | : | |
|      v. | : | |
| WEST SHORE SCHOOL | : | Civil Action |
| DISTRICT, TODD STOLTZ, | : | |
| in his official capacity, BRIAN K. | : | |
| GUISTWHITE, in his official | : | |
| capacity, CHRISTOPHER J. | : | |
| KAMBIC, in his official capacity, | : | |
| JUDITH A. CROCENZI, in her | : | |
| official capacity, FRANK J. | : | |
| KAMBRIC, ANTONIOS J. | : | |
| MAPRANOS, in his official capacity | : | |
| SHERI D. MOYER, in her official | : | |
| capacity, FRANK A. | : | |
| STOLTENBURG, in his official | : | |
| capacity, HEIDI E. THOMAS, in her | : | |
| official capacity, and ABIGAIL A. | : | |
| TIERNEY, in her official capacity, | : | |
|      Defendants | : | |

## DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS COMPLAINT IN ACCORDANCE WITH F.R.C.P. 12(b)(1) and 12(b)(6)

Respectfully submitted,

STOCK AND LEADER

By:  _/s/ Gregory W.  Bair, II, Esquire_
     Gregory W.  Bair, II, Esquire

4857-6492-2964, v. 3

Supreme Court I.D.  #208156
David M. Walker, Esquire
I.D. No. 312560
Stock and Leader
Susquehanna Commerce Center East
221 W.  Philadelphia Street
York, PA 17401-2994
Telephone:  (717) 846-9800
Fax:  (717) 843-6134
E-mail:  gwb@stockandleader.com
            dwalker@stockandleader.com
Attorney for Defendants

# <u>TABLE OF CONTENTS</u>

I.   Procedural History ..............................................................................................1

II.  Statement of Facts ..............................................................................................2

III. Issues Presented..................................................................................................3

    A.  SHOULD THIS COURT DISMISS THE OFFICIAL CAPACITY CLAIMS
    OF THE NAMED DEFENDANTS AS DUPLICATIVE AGAINST THE
    SCHOOL DISTRICT?...........................................................................................3

    B.  SHOULD THIS COURT DISMISS ANY INDIVIDUAL CAPACITY
    CLAIMS OR ALTERNATIVELY DETERMINATE THAT ANY
    INDIVIDUALLY NAMED DEFENDANTS ARE ENTITLED TO QUALIFIED
    IMMUNITY?.........................................................................................................3

    C.  SHOULD THIS COURT DISMISS COUNT I OF THE COMPLAINT FOR
    LACK OF SUBJECT MATTER JURISDICTION UNDER F.R.C.P. 12(B)(1)? .3

    D.  SHOULD THIS COURT DISMISS COUNT I OF THE COMPLAINT FOR
    FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE
    GRANTED UNDER F.R.C.P. 12(B)(6)?.................................................................3

    E.   SHOULD THIS COURT DISMISS COUNT II OF THE COMPLAINT FOR
    LACK OF SUBJECT MATTER JURISDICTION UNDER F.R.C.P. 12(B)(1)? .3

    F.   WHETHER THIS COURT SHOULD DECLINE TO EXERCISE ITS
    DISCRETION TO ENTERTAIN PLAINTIFFS' CLAIM FOR
    DECLARATORY RELIEF. ...................................................................................3

    G.  SHOULD THIS COURT DISMISS PLAINTIFFS' ALLUDED TO
    CLAIMS AND REQUESTS FOR MONETARY DAMAGES AND
    ATTORNEYS' FEES UNDER 42 U.S.C. § 1983 FOR FAILURE TO STATE A
    CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER F.R.C.P.
    12(B)(6)?..............................................................................................................4

IV. Motion to dismiss standard .................................................................................4

    A.  Rule 12(b)(1) Dismissal for failure to state a claim upon which relief can
    be granted..............................................................................................................4

    B.  Rule 12(b)(6) dismissal for lack of subject matter jurisdiction. ...................6

4857-6492-2964, v. 3

V.  Argument ..........................................................................................8

   A.  PLAINTIFFS' CLAIMS AGAINST DEFENDANTS NAMED IN THEIR OFFICIAL CAPACITIES MUST BE DISMISSED..........................................8

   B.  COUNT I OF THE COMPLAINT SHOULD BE DISMISSED..............10

      i.   PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED UNDER F.R.C.P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION.........................................................................10

      ii.  PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED UNDER F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED. ...........................13

   C.  COUNT II OF THE COMPLAINT SHOULD BE DISMISSED. .............14

      i.   PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF SHOULD BE DISMISSED UNDER F.R.C.P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION.........................................................................14

      ii.  THIS COURT SHOULD DECLINE TO EXERCISE ITS DISCRETION TO ENTERTAIN PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF. . ...................................................................................................15

   D.  PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1983.........................................................................................18

VI. Conclusion. ..................................................................................21

4857-6492-2964, v. 3

# TABLE OF AUTHORITIES

## Cases

578 F.3d 203 (3d Cir.  2009)...............................................................................7, 13

*4431, Inc. v. Cincinnati Ins. Cos.*, 504 F. Supp. 3d 368, n.5 (E.D. Pa. 2020) ....... 14

*Allegheny County v. Commonwealth of Pennsylvania*, 544 A.2d 1305 (Pa. 1988) .7, ...........................................................................................................................11

*Already, LLC v. Nike, Inc.*, 568 U.S. 85, 133, 184 (2013)...................................4, 10

*Anderson v. Creighton*, 483 U.S.  635 (1987) ...........................................................9

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 173, 868 (2009).................................... 7, 8, 14

*Associated Gen. Contractors of Cal. v.  California State Council of Carpenters*, 459 U.S.  519 (1983)................................................................................................7

*Bell Atl. Corp. v. Twombly*, 515 U.S. 544 (2007) .....................................................8

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942).......................................16

*Burton v. City of Philadelphia,* 121 F. Supp. 2d 810 (E.D.Pa. 2000) .......................9

*Chafin v. Chafin*, 568 U.S. 165 (2013) ..............................................................4, 10

*City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283 (1982).............................5

*Davis v. Wells Fargo*, 824 F.3d 333 (3d Cir. 2016) ...........................................6, 12

*Empire Sanitary Landfill, Inc. v. Com., Dep't of Envtl. Res.*, 684 A.2d 1047 (1996) ..........................................................................................................................15

*Erickson v. Pardus*, 551 U.S. 89 (2007) ...........................................................7, 19

*Fischer & Porter Co. v. Moorco Int'l Inc.*, 869 F. Supp. 323 (E.D. Pa. 1994) .......15

*Fowler v. UPMC Shadyside*, 578 F.3d 203(3d Cir.  2009) .......................... 8, 14, 21

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs, Inc.*, 528 U.S. 167 (2000)......5, 6

*Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297 (3d, Cir. 2016) ......5, 13

*Gould Elecs., Inc. v. U.S.*, 220 F.3d 169 (3d. Cir. 2000) ..........................................6

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) ...........................................................9

*Holocheck v. Luzerne County Head Start, Inc.,* 385 F.Supp. 2d 491 (M.D. Pa. 2005) ................................................................................................................19

*I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762 (M.D. Pa. 2012) ................................................................................................................6

*Interlake Mecalux, Inc. v. Summit Steel & Mfg.*, No. 1:CV-09-1610, 2009 U.S. Dist. LEXIS 91963, at *17-18 (M.D. Pa. Oct. 2, 2009) .......................................11

*Int'l Union v. Textron Lycoming Reciprocating Engine Div.*, 919 F.Supp 783 (M.D. Pa. 1996) .......................................................................................................11

*Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.*, 20 F.3d 1250 (3d Cir. 1994) ...7

*Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274 (3d Cir. 2017) ..........................16

*Kenny v. Whitpain Twp.*, 1996 WL 445352 (E.D. P.a. 1996)..................................9

*Kentucky v. Graham*, 473 U.S. 159 (1985).............................................................8

*Keystone ReLeaf LLC v. PA Dep't of Health*, 186 A.3d 505 (Pa. Commw. Ct. 2018) .................................................................................................. 14, 15

*Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902 (3d Cir. 1997).......................7, 20

*Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir 1977)..... 5, 6, 12

*Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982) .4, 10

*Parratt v. Taylor,* 451 U.S. 527 (1981) ........................................................... 19, 20

*Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014) ............................ 16, 17

*Rendell v. Rumsfeld*, 484 F.3d 236 (3d. Cir. 2007)..............................................5, 12

*Rosetti v. Shalala*, 12 F.3d 1216, 1224 (3d Cir. 1993) .......................................5, 13

*Summit Towne Center, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995 (Pa. 2003) ...........................................................................................................11

*SWB Yankees, LLC v. CNA Fin. Corp.*, 492 F. Supp. 3d 412 (M.D. Pa. 2020) ......15

iv

*Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995)..............................................16

**Statutes**

28 U.S.C. § 1441(a) .................................................................................1

28 U.S.C. § 2201 ...................................................................................14

28 U.S.C. § 2201(a) ..............................................................................16

42 Pa. Cons. Stat. § 7531 .....................................................................15

42 Pa. Cons. Stat. § 7532 ................................................................14, 15

42 U.S.C. § 1983 ....................................................... 1, 18, 19, 20, 21

42 U.S.C. § 1988 ............................................................................ 18, 21

**Rules**

F.R.C.P. 12(b)(1)....................................................... 3, 4, 5, 6, 10, 14

F.R.C.P.  12(b)(6)........................................................ 3, 4, 6, 7, 13

F.R.C.P. 8(a) ...........................................................................6, 18

F.R.C.P. 8(a)(2)........................................................................6, 7

**Regulations**

22 Pa. Code § 4.4.................................................................... 2

**Constitutional Provisions**

U.S. Const., art. III, § 2 .............................................................4

4857-6492-2964, v. 3

## I.   <u>PROCEDURAL HISTORY</u>

On or about January 25, 2023, Plaintiffs, Brandi Brandl, Oliver Brandl, III, Kristie Alwine, and Frank W. Johnson, Sr. filed a Complaint in the Court of Common Pleas of Cumberland County, Pennsylvania styled *Brandi Brandl, Oliver Brandl, III, Kristie Alwine, and Frank W. Johnson, Sr. v. Brian K. Guistwhite, in his official capacity, Christopher J. Kambic, in his official capacity, Judith A. Crocenzi, in her official capacity, Frank J. Kambric, Antonios J. Mapranos, in his official capacity, Sheri D. Moyer, in her official capacity, Frank A. Stoltenburg, in his official capacity, Heidi E. Thomas, in her official capacity, and Abigail A. Tierney, in her official capacity* Case No. 2023-00612 (the "Complaint").

Defendants removed the Complaint to this Court on March 1, 2023, as permitted by and consistent with this Court's original jurisdiction. *See* 28 U.S.C. § 1441(a). Prior to removal, none of the Defendants filed a responsive pleading in the Court of Common Pleas of Cumberland County.

Defendants now submit this Brief in Support of its Motion to Dismiss Plaintiffs' Complaint.

4857-6492-2964, v. 3

## II.   STATEMENT OF FACTS

This matter arises from Plaintiffs' request to exempt their children from the West Shore School District's Social-Emotional Learning ("SEL") program, "CharacterStrong". Plaintiffs allege that each have made requests to the School District to have their children excused from the SEL curriculum, but such requests have been denied by the School District. The School District responded to these requests consistent with establish Board Policy (Exhibit H of the Complaint) and with 22 Pa. Code § 4.4. Plaintiffs have asserted that the "SEL curriculum conflicts with their Christian beliefs."  As a result of Plaintiffs' children being exposed to the SEL curriculum, Plaintiffs have alleged that their federally protected, constitutional rights have been violated.  The Defendants have provided the Plaintiffs' children with temporary excusals from the curriculum.

### III.   ISSUES PRESENTED

**SHOULD THIS COURT DISMISS THE OFFICIAL CAPACITY CLAIMS OF THE NAMED DEFENDANTS AS DUPLICATIVE AGAINST THE SCHOOL DISTRICT?**

SUGGESTED ANSWER:      **Yes**

**SHOULD THIS COURT DISMISS ANY INDIVIDUAL CAPACITY CLAIMS OR ALTERNATIVELY DETERMINATE THAT ANY INDIVIDUALLY NAMED DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY?**

SUGGESTED ANSWER:      **Yes**

**SHOULD THIS COURT DISMISS COUNT I OF THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION UNDER F.R.C.P. 12(B)(1)?**

SUGGESTED ANSWER:      **Yes**

**SHOULD THIS COURT DISMISS COUNT I OF THE COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER F.R.C.P. 12(B)(6)?**

SUGGESTED ANSWER:      **Yes**

**SHOULD THIS COURT DISMISS COUNT II OF THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION UNDER F.R.C.P. 12(B)(1)?**

SUGGESTED ANSWER:      **Yes**

**WHETHER THIS COURT SHOULD DECLINE TO EXERCISE ITS DISCRETION TO ENTERTAIN PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF.**

SUGGESTED ANSWER:      **Yes**

3

SHOULD THIS COURT DISMISS PLAINTIFFS' ALLUDED TO CLAIMS AND REQUESTS FOR MONETARY DAMAGES AND ATTORNEYS' FEES UNDER 42 U.S.C. § 1983 FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER F.R.C.P. 12(B)(6)?

SUGGESTED ANSWER:      **Yes**

## IV.   MOTION TO DISMISS STANDARD

### A. RULE 12(B)(1) DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Article III of the United States Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." *See* U.S. Const., art. III, § 2. "A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III — 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (*quoting Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982)). The parties must maintain a personal stake in the resolution of the dispute throughout the litigation. *See Chafin v. Chafin*, 568 U.S. 165, 172, 133 S. Ct. 1017, 185 L. Ed. 2d 1 (2013). "Therefore, 'if developments occurring during the course of adjudication eliminate a plaintiff's personal stake in the outcome of a

suit, then a federal court must dismiss the case as moot.'" *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 303 (*quoting Rosetti v. Shalala*, 12 F.3d 1216, 1224 (3d Cir. 1993)). Stated differently, "[t]he central question of all mootness problems is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief." *See Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007) (citation and quotation omitted).

"It is well settled that a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice." *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289, 102 S. Ct. 1070, 71 L. Ed. 2d 152 (1982). This is so because "if it did, the courts would be compelled to leave '[t]he defendant. . . free to return to his old ways.'" *Id.* at 289 & n.10 (citations omitted). The Supreme Court has announced a "stringent" standard for "determining whether a case has been mooted by the defendant's voluntary conduct." *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs, Inc.*, 528 U.S. 167, 189, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000). Specifically, the Supreme Court has stated that "[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." *Id.* (internal quotation omitted).

Factual challenges to a court's subject matter jurisdiction under Rule 12(b)(1) on the grounds of mootness can be raised at any time in the litigation. *See Mortensen*

*v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891-92 (3d Cir 1977) (stating that the "12(b)(1) factual evaluation may occur at any stage of the proceedings"). In conducting this inquiry, a court may consider evidence outside the pleadings**.** *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (noting that a factual challenge permits a court "to weigh the evidence and satisfy itself as to the existence of its power to hear the case") (*quoting Mortensen*, 549 F.2d at 891). Typically the plaintiff bears the burden to persuade the court that it has subject matter jurisdiction. *See Mortensen*, 549 F.2d at 891 (stating that "the plaintiff will have the burden of persuasion that jurisdiction does in fact exist"); *Gould*, 220 F.3d at 178 (same). However, the party alleging that a claim has become moot due to a change in a defendant's conduct bears the burden to demonstrate mootness. *See Friends of the Earth*, 528 U.S. at 189 ("The 'heavy burden of persua[ding]' the [C]ourt that the challenged conduct cannot reasonably be expected to start up again lies with the party asserting mootness.") (citation omitted).

## B. RULE 12(B)(6) DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION.

A motion to dismiss tests the sufficiency of the complaint against the pleading requirements of *Rule 8(a)*. *I.H. ex rel. D.S. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 769-70 (M.D. Pa. 2012). "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing

that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. "A complaint has to 'show' such an entitlement with its facts." 578 F.3d 203, 211 (3d Cir.  2009).

In considering whether a complaint fails to state a claim upon which relief may be granted under *F.R.C.P.  12(b)(6)*, the Court must accept as true all allegations in the complaint, and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc*., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist*., 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the  . . .  plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S.  519, 526, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983). "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

7

A well-pleaded complaint must contain more than mere legal labels and conclusions. "To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 570).  Where a "Plaintiff [] [fails to] nudge [] [his] claims across the line from conceivable to plausible [his] Complaint must be dismissed." *Id*. at 570.

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that after *Iqbal*, when presented with a Motion to Dismiss for Failure to State a Claim, District Courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions.  *Iqbal*, 556 U.S. at 678-79.  Second, a District Court must then determine whether the facts alleged in the Complaint are sufficient to show that the Plaintiff has a "plausible claim for relief." *Id*. at 679.  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11(3d Cir.  2009).

## V.   ARGUMENT

### A. PLAINTIFFS' CLAIMS AGAINST DEFENDANTS NAMED IN THEIR OFFICIAL CAPACITIES MUST BE DISMISSED.

Official capacity claims must be dismissed against an officer/agent as duplicative against the municipal entity. *See Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985).  "A public official in his 'official capacity,' is legally indistinct from

the municipality for which he serves." *Kenny v. Whitpain Twp.*, 1996 WL 445352 (E.D. P.a. 1996).

Here, Plaintiffs name the following Defendants in their official capacities: Todd Stoltz, Jamie Whye (which Plaintiffs have failed to name in the caption but assert claims within the body of their Complaint), Brian K. Guistwhite, Christopher J. Kambic, Judith A. Crocenzi, Frank J. Kambric [sic], Antonios J. Mapranos [sic], Sheri D. Moyer, Frank A. Stoltenburg [sic], Heidi E. Thomas and Abigail A. Tierney. Plaintiffs do not allege individual capacity claims against any of these employees or Board Members of the School District. To the contrary, the Complaint makes clear that only official capacity[1] claims are alleged. *See* Complaint at ¶¶ 4 – 14.

Because Plaintiff also alleges claims against Defendant School District (see Complaint at ¶3), naming Defendants in their official capacities is redundant and ripe for dismissal. *Burton v. City of Philadelphia,* 121 F. Supp. 2d 810, 812 (E.D.Pa.

---

[1] The Complaint does not – on its face – assert individual capacity claims against any of the individually named Defendants. Rather, the Complaint names these Defendants only in their official capacities. Assuming, arguendo, that the Complaint contains individual capacity claims against any of the named Defendants, the Defendants are entitled to qualified immunity and such individual capacity claims should be dismissed. *See, Harlow v. Fitzgerald*, 457 U.S. 800, 818 - 819 (1982). *See also, Anderson v. Creighton*, 483 U.S. 635 (1987).

2000). Therefore, all claims against Defendants in their official capacity should be dismissed.

## B. COUNT I OF THE COMPLAINT SHOULD BE DISMISSED.

### i. *PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED UNDER F.R.C.P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION.*

Plaintiffs' request for injunctive relief is moot and should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

"A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III — 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91, 133 S. Ct. 721, 184 L. Ed. 2d 553 (2013) (*quoting Murphy v. Hunt*, 455 U.S. 478, 481, 102 S. Ct. 1181, 71 L. Ed. 2d 353 (1982)). The parties must maintain a personal stake in the resolution of the dispute throughout the litigation. *See Chafin v. Chafin*, 568 U.S. 165, 172, 133 S. Ct. 1017, 185 L. Ed. 2d 1 (2013).

Plaintiffs seek a "special and preliminary injunction" prohibiting the School District from requiring that their children participate in the CharacterStrong SEL curriculum. *See* Complaint at ¶ 40. The Complaint does not seek permanent injunctive relief.  This Court has held that:

> In deciding whether to grant or deny a preliminary injunction, we must determine whether: (1) an injunction is necessary to prevent immediate and irreparable harm; (2) greater injury would result from

refusing an injunction than from granting it; (3) an injunction would properly restore the parties to their status before the alleged wrongful conduct; (4) the movant is likely to prevail on the merits; (5) the requested injunction is reasonably suited to abate the offending activity; and (6) an injunction would not adversely affect the public interest. *Summit Towne Center, Inc. v. Shoe Show of Rocky Mount, Inc*., 573 Pa. 637, 828 A.2d 995, 1001 (Pa. 2003). "For a preliminary injunction to issue, every one of these prerequisites must be established; if the [Plaintiff] fails to establish any one of them, there is no need to address the others." *Allegheny County v. Commonwealth of Pennsylvania*, 518 Pa. 556, 544 A.2d 1305, 1307 (Pa. 1988) *see also Int'l Union v. Textron Lycoming Reciprocating Engine Div*., 919 F.Supp 783, 789 (M.D. Pa. 1996) ("Irreparable harm and likelihood of success on the merits are essential elements….Absent a showing of either one, the [plaintiff] is not entitled to injunctive relief.").

*Interlake Mecalux, Inc. v. Summit Steel & Mfg.*, No. 1:CV-09-1610, 2009 U.S. Dist. LEXIS 91963, at *17-18 (M.D. Pa. Oct. 2, 2009).

Here, the School District implemented procedures to exempt Plaintiffs' children from the contested curriculum. Currently, Plaintiffs' children have been temporarily exempted from participating in the curriculum[2]. Attached hereto, incorporated herewith and marked **Exhibit A** are true and correct copies of email exchanges between the parties' counsel, wherein the Defendant District provides excusal of Plaintiffs' children, pending this litigation. Accordingly, Plaintiff cannot

---

[2] Plaintiffs had previously submitted to the Defendant District a generic exemption request to have their children excused from the curriculum in question.  In response, the Defendants requested Plaintiffs to revise their requests and provide specifics as to their requests.  Plaintiffs refused.  But for their refusal, the entirety of this action could have been avoided.

show that injunction is necessary to prevent immediate and irreparable harm. The Defendants' excusal of the Plaintiffs' students from the SEL curriculum effectively eliminated any and all claims of immediacy. Due to this, the second element required to be pled and proved by the Plaintiffs also fails.

Plaintiffs have not pled and certainly cannot prove that a "greater injury would result from refusing an injunction than from granting it." *Id.* Currently, Plaintiffs' children are not participating in the SEL curriculum. Therefore, the relief sought is prospective and may never come to fruition. In any event, given the current circumstances relating to the Plaintiffs' participation in the SEL curriculum, a special injunction is improper.

In evaluating a factual challenge to its subject matter jurisdiction, this Court may consider additional evidence. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (noting that a factual challenge permits a court "to weigh the evidence and satisfy itself as to the existence of its power to hear the case") (*quoting Mortensen*, 549 F.2d at 891).

The exemption of Plaintiffs' children from the CharacterStrong SEL curriculum during the pendency of this litigation has "forestalled any occasion for meaningful relief" available to Plaintiffs through the requested special and preliminary injunction. *See Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007). Plaintiffs no longer have a personal stake in the outcome of Count I of the Complaint,

which consequently requires dismissal. *Gayle v. Warden Monmouth Cty. Corr. Inst.*, 838 F.3d 297, 303 (*quoting Rosetti v. Shalala*, 12 F.3d 1216, 1224 (3d Cir. 1993)). As such, Count I of the Complaint should be dismissed for lack of subject matter jurisdiction.

>    ## ii. PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF SHOULD BE DISMISSED UNDER F.R.C.P. 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Plaintiffs' request for injunctive relief should be dismissed for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

Plaintiffs fail to plead anything more than a formulaic recitation of the elements of a preliminary injunction under Pennsylvania law. Moreover, the Complaint contains no facts to support each element of a preliminary injunction sufficient to 'show' an entitlement to such relief. 578 F.3d 203, 211 (3d Cir. 2009).

Specifically, Plaintiffs allege that greater injury will result if the injunction is not entered than if it is granted, but they plead no facts to establish such an injury or to weigh whether a greater injury would result. *See* Complaint at ¶ 48. The Complaint does not include any factual support for the bald legal assertion that an injunction would restore the Plaintiffs' rights and maintain the status quo. *See* Complaint at ¶ 50. Plaintiffs plainly state that the injunction is reasonable and limited to abate the harm, but fail to plead any facts to demonstrate the reasonableness of their request or the manner in which it would abate the harm. *See* Complaint at ¶ 51.

13

Lastly, the Complaint utterly fails to include any support demonstrating that their right to relief is clear. *See* Complaint at ¶ 52.

The Complaint fails the two-part analysis instructed by the Third Circuit after *Iqbal*. No well-pleaded facts sufficient to show that the Plaintiffs' have a plausible claim for relief remain after stripping away and disregarding the mere legal conclusions alleged by Plaintiffs' to support their request for preliminary injunctive relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11(3d Cir. 2009). Consequently, Plaintiffs' request for preliminary injunctive relief should be dismissed.

## C. COUNT II OF THE COMPLAINT SHOULD BE DISMISSED.

### i. *PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF SHOULD BE DISMISSED UNDER F.R.C.P. 12(b)(1) FOR LACK OF SUBJECT MATTER JURISDICTION.*

Plaintiffs' request for declaratory relief should be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1).

Federal Courts sitting in Pennsylvania do not have authority to grant declarations under Pennsylvania's Declaratory Judgments Act, 42 PA. CONS. STAT. § 7532. *See Keystone ReLeaf LLC v. PA Dep't of Health*, 186 A.3d 505, 517 (Pa. Commw. Ct. 2018). Rather, this Court's authority to issue declaratory relief arises only from the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *4431, Inc. v. Cincinnati Ins. Cos.*, 504 F. Supp. 3d 368, 375 n.5 (E.D. Pa. 2020). In short, only

14

the courts of the Commonwealth of Pennsylvania have the power to grant declarations under 42 PA. CONS. STAT. § 7532. *Keystone ReLeaf LLC*, 186 A.3d at 517 (Pa. Commw. Ct. 2018) (*quoting Empire Sanitary Landfill, Inc. v. Com., Dep't of Envtl. Res.*, 546 Pa. 315, 332, 684 A.2d 1047 (1996)); *see SWB Yankees, LLC v. CNA Fin. Corp.*, No. 3:20-CV-01303, 492 F. Supp. 3d 412, 2020 U.S. Dist. LEXIS 181896, 2020 WL 5848375, at *2 (M.D. Pa. Oct. 1, 2020).  In review of their Complaint, Plaintiff seeks relief under the Pennsylvania Declaratory Judgment Act, but in support of their request for relief, predicates their argument upon federal law. Plaintiff is adhering to the proverbial idiom of having one's cake and eating it too. This is improper.

The Complaint only seeks relief under the Pennsylvania Declaratory Judgments Act. *See* Complaint at ¶ 54. This Court does not have subject matter jurisdiction to issue declarations under the Pennsylvania Declaratory Judgments Act. Consequently, Count II of the Complaint must be dismissed.

### ii. THIS COURT SHOULD DECLINE TO EXERCISE ITS DISCRETION TO ENTERTAIN PLAINTIFFS' CLAIM FOR DECLARATORY RELIEF.

Federal courts have concluded that declaratory judgment actions are procedural rather than substantive. *See Fischer & Porter Co. v. Moorco Int'l Inc.*, 869 F. Supp. 323, 326 (E.D. Pa. 1994) (holding that "[c]ase law indicates that the

[Declaratory Judgment] Act is procedural in nature, and therefore federal law, not state law, governs whether claims may be heard under it.").

Because this Court must apply federal procedural law in federal actions, the Declaratory Judgment Act, and not state declaratory judgment law, supplies the procedural law that governs notwithstanding circumstances when the relief sought in a removed Declaratory Action was requested under the Pennsylvania Declaratory Judgments Act, 42 Pa. Cons. Stat. §§ 7531, et seq. *Kelly v. Maxum Specialty Ins. Grp.*, 868 F.3d 274, 281, n.4 (3d Cir. 2017).

Under the Declaratory Judgment Act, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a) (emphasis added); *see also Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014).

The United States Supreme Court has explained that "[d]istrict courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995). The Supreme Court has emphasized that district courts are under no compulsion to exercise this discretionary jurisdiction. *Brillhart*

*v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494-95, 62 S. Ct. 1173, 86 L. Ed. 1620 (1942).

The Third Circuit enumerated four general factors for district courts to consider when exercising discretion under the Declaratory Judgment Act:

1. "the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

2. the convenience of the parties;

3. the public interest in settlement of the uncertainty of obligation; and

4. the availability and relative convenience of other remedies."

*Reifer v. Westport Ins. Corp.*, 751 F.3d 129, 140 (3d Cir. 2014)

This Court should not exercise its discretion to entertain the requested declaratory action. No actual controversy continues to exist with respect to the School District's policy and the Plaintiffs' constitutional right, due to the fact that the Plaintiffs' children are exempt from the curriculum at issue during the pendency of this litigation. The ultimate resolution of Plaintiffs' other claims will resolve this issue without the need for declaratory relief. As such, granting declaratory relief at this time would not serve to resolve the uncertainty of obligations that gave rise to the controversy.

17

There is little public interest in the settlement of any uncertainty of obligations with respect to the parties. This case involves the specific religious exemption requests of two families with respect to the content of the SEL program utilized for only specific grade levels within the School District. By its very nature, the legitimacy and permissibility of such exemptions is determined on a case-by-case basis.

Plaintiffs have available other convenient remedies – as requested by their Complaint – that do not require this Court to exercise its discretion under the Declaratory Judgment Act.

### D. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UNDER 42 U.S.C. § 1983.

Plaintiffs assert various unspecified violations of their rights under the First and Fourteenth Amendments. *See* Complaint at ¶¶ 60 – 64. In their prayer for relief, Plaintiffs also request that this Court declare the School District's policies unconstitutional and seek an award of "monetary damages and attorneys fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988." Despite the liberal notice pleading requirements of F.R.C.P. 8(a), the Complaint fails to include a short and plain statement of these claims showing that Plaintiffs' are entitled to relief arising from the alleged Constitutional violations. The Defendants assume, without admitting, that Plaintiffs intended to bring a claim under 42 U.S.C. § 1983. Out of an abundance of caution, and assuming, in arguendo, that these unartfully drafted claims satisfy

18

the notice pleading requirements, the Defendants seek dismissal of these otherwise

unspecified and improperly pled claims against all Defendants.

In pertinent part, 42 U.S.C. § 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, or any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 requires that Plaintiffs establish: (1) that the conduct complained

of was committed by a person acting under color of state law; and (2) that the

conduct complained of deprived the Plaintiff of rights, privileges or immunities

secured by the law or the Constitution of the United States. *Parratt v. Taylor,* 451

U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981); *Holocheck v. Luzerne

County Head Start, Inc.,* 385 F.Supp. 2d 491, 499 (M.D. Pa. 2005).

Plaintiffs have not pled a specific cause of action to support these unspecified,

yet alleged, Constitutional violations. Without doing so, Plaintiffs fail to give the

Defendants fair notice of what their claim is and of the grounds upon which it

rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081

(2007). On this basis alone, Plaintiffs fail to state a claim upon which relief can be

granted.

The Complaint fails to assert in any way whatsoever that the alleged conduct was committed by a person acting under color of state law. As a result, the Complaint omits a required component of a Section 1983 claim and should be dismissed. *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981).

Plaintiffs assert nothing more than legal labels and conclusions alluding to potential violations of their Constitutional rights. Plaintiffs provide no factual support for their assertion that the School District's policy "unduly burdens plaintiffs' exercise of their First Amendment rights." *See* Complaint at § 62. Plaintiffs do not plead any facts to support their assertion that the School District's policy "violates plaintiffs' fundamental right to make child rearing decisions under the Fourteenth Amendment," nor do Plaintiffs provide any authority clearly outlining the legal source and parameters for this alleged right. *See* Complaint at § 63. Most egregiously, Plaintiffs assert that the School District's policy violates their "Fourteenth Amendment equal protection rights because defendants have denied plaintiffs' religious exemption requests but granted other religious exemption requests" without pleading any facts related to the School District's application of the policy to other individuals. *See* Complaint at ¶ 64. This Court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

The Complaint fails the two-part analysis instructed by the Third Circuit. Upon separating and disregarding these bald legal assertions, no facts remain sufficient to show that the Plaintiffs have a plausible claim for relief. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11(3d Cir.  2009).

Consequently, Plaintiffs fail to state a claim under Section 1983 upon which relief can be granted. This Court should dismiss all such alluded to claims against all Defendants, as well as dismiss all related requests for payment of monetary damages and attorneys' fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

## VI.   CONCLUSION.

For the foregoing reasons, Plaintiffs' Complaint should be dismissed in its entirety against all Defendants.

Respectfully submitted,

STOCK AND LEADER

Date:  March 6, 2023                   By:  */s/ Gregory W.  Bair, II, Esquire*
                                             Gregory W.  Bair, II, Esquire
                                             Supreme Court I.D.  #208156
                                             David M. Walker, Esquire
                                             Supreme Court I.D. #312560
                                             Stock and Leader
                                             Susquehanna Commerce Center East
                                             221 W.  Philadelphia Street
                                             York, PA 17401-2994
                                             Telephone:  (717) 846-9800
                                             Fax:  (717) 843-6134
                                             E-mail:  gwb@stockandleader.com
                                             Attorney for Defendants

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRANDI BRANDL, | : | |
| OLIVER BRANDL, III | : | No.: |
| KRISTIE ALWINE, AND | : | |
| FRANK W. JOHNSON, SR., | : | |
| Plaintiffs | : | |
| | : | |
| v. | : | |
| WEST SHORE SCHOOL | : | Civil Action |
| DISTRICT, TODD STOLTZ, | : | |
| in his official capacity, BRIAN K. | : | |
| GUISTWHITE, in his official | : | |
| capacity, CHRISTOPHER J. | : | |
| KAMBIC, in his official capacity, | : | |
| JUDITH A. CROCENZI, in her | : | |
| official capacity, FRANK J. | : | |
| KAMBRIC, ANTONIOS J. | : | |
| MAPRANOS, in his official capacity | : | |
| SHERI D. MOYER, in her official | : | |
| capacity, FRANK A. | : | |
| STOLTENBURG, in his official | : | |
| capacity, HEIDI E. THOMAS, in her | : | |
| official capacity, and ABIGAIL A. | : | |
| TIERNEY, in her official capacity, | : | |
| Defendants | : | |

## <u>CERTIFICATE OF WORD COUNT</u>
## <u>PURSUANT TO LOCAL RULE 7.8</u>

Pursuant to Local Rule 7.8, Counsel for Defendants hereby certifies that the instant

Brief complies with word-count limits.  The word count as calculated by Microsoft

Word is 4,809.

4857-6492-2964, v. 3

Respectfully submitted,

STOCK AND LEADER

By:  */s/ Gregory W.  Bair, II, Esquire*
    Gregory W.  Bair, II, Esquire
    Supreme Court I.D.  #208156
    Stock and Leader
    Susquehanna Commerce Center East
    221 W.  Philadelphia Street
    York, PA 17401-2994
    Telephone:  (717) 846-9800
    Fax:  (717) 843-6134
    E-mail:  gwb@stockandleader.com
    Attorney for Defendants