IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDI BRANDL, OLIVER BRANDL, III, KRISTIE ALWINE AND FRANK W. JOHNSON, SR.<br><br>Plaintiffs<br><br>v.<br><br>WEST SHORE SCHOOL DISTRICT, TODD STOLTZ, in his official capacity, BRIAN K. GUISTWHITE, in his official capacity, CHRISTOPHER J. KAMBIC, in his official capacity, JUDITH A. CROCENZI, in her official capacity, FRANK J. KAMBIC, in his official capacity, ANTONIOS J. KAPRANOS, in his official capacity, SHERI D. MOYER, in her official capacity, FREDERIC A. STOLTENBURG a/k/a STOLTENBERG, in his official capacity, HEIDI E. THOMAS, in her official capacity, JAMIE WHYE, in her official capacity, and ABIGAIL A. TIERNEY, in her official capacity.<br><br>Defendants | No. 1:23-cv-00368-CCC |

## AMENDED COMPLAINT

Plaintiffs file this amended complaint and aver as follows.

### Parties

1. Plaintiffs Brandi Brandl and Oliver Brandl, III are parents of K.B., a student in the West Shore School District, and are citizens of the Commonwealth of Pennsylvania.

2.      Plaintiffs Kristie Alwine and Frank W. Johnson, Sr. are parents of H.J. and F.J., students in the West Shore School District, and are citizens of the Commonwealth of Pennsylvania.

3.      Defendant West Shore School District (the "School District") is a school district organized under Pennsylvania law.

4.      Defendant, Todd Stoltz, is the superintendent of the School District and is sued in his official capacity.

5.      Defendant, Jamie Whye, is the assistant superintendent of the School District and is sued in her official capacity.

6.      Defendant, Brian K. Guistwhite, is a member of the School District's Board of School Directors and is sued in his official capacity.

7.      Defendant, Christopher J. Kambic, is a member of the School District's Board of School Directors and is sued in his official capacity.

8.      Defendant, Judith A. Crocenzi, is a member of the School District's Board of School Directors and is sued in her official capacity.

9.      Defendant, Frank J. Kambic, is a member of the School District's Board of School Directors and is sued in his official capacity.

10.     Defendant, Antonios J. Kapranos, is a member of the School District's Board of School Directors and is sued in his official capacity.

11.     Defendant, Sheri D. Moyer, is a member of the School District's Board of School Directors and is sued in her official capacity.

12. Defendant, Frederick A. Stoltenburg a/k/a Stoltenberg, is a member of the School District's Board of School Directors and is sued in his official capacity.[1]

13. Defendant, Heidi E. Thomas, is a member of the School District's Board of School Directors and is sued in her official capacity.

14. Defendant, Abigail A. Tierney, is a member of the School District's Board of School Directors and is sued in her official capacity.

15. The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, 2201, and 42 U.S.C. § 1983.

16. Venue is proper because a substantial part of the events giving rise to the claims occurred in this judicial district. 28 U.S.C. § 1391(b)(2).

## Facts

### A. The School District's CharacterStrong & Social Emotional Learning Curriculum.

17. The School District maintains a course of curriculum known as CharacterStrong (sic) & Social Emotional Learning ("SEL"). *See* https://www.wssd.k12.pa.us/CharacterStrongSEL.aspx

18. The School District uses the SEL curriculum for students in kindergarten through grade 8. *Id.*

19. According to the School District, SEL "intentionally teaches character traits and goes in-depth into what these traits look like and then follows up with practical ways to improve them in their own lives and with those around them." *Id.*

---

[1] One the School District "Board Member Bios" webpage, Defendant Stoltenburg is spelled with a "U," however counsel for defendants states that the Defendant Stoltenberg's name should be spelled with an "E." https://www.wssd.k12.pa.us/BoardMemberBios.aspx (last visited March 15, 2023)

20. The SEL curriculum is "a routine part of the student day with lessons included during morning meetings at the elementary schools." *Id.*

21. Among other things, SEL promotes "pro-social" behavior and "seeing value in all things." *Id.*

22. SEL teaches children to identify their own "values and virtues" and to reflect on those values to "help guide their decisions." https://www.youtube.com/watch?v=pJI-oq47hGk&t=390s

23. Indeed, SEL "is more than a curriculum" that seeks "to enable[] students to become their best possible selves." https://www.characterstrong.com/family-welcome-link/

24. The CASEL website contains examples of SEL instruction and articles about SEL, including, articles such as, "What's SEL got to do with it? Supporting LGBTQ+ Students with SEL Curriculum" and "Supporting LGBTQ Students in the "Don't Say Gay" Era. https://leadershipblog.act.org/2021/06/supporting-lgbtq-students-with-sel-curriculum.html

25. Plaintiffs believe that the SEL curriculum conflicts with their Christian faith.

### B. Plaintiff Alwine's request.

26. On August 24, 2022, under 22 Pa. Code § 4.4(b)(3), plaintiff, Kristi Alwine, provided written notice to the School District asserting her right to have her children, H.J. and F.J, excused from the SEL curriculum because it conflicted with her religious beliefs. A copy of that notice is attached at Exhibit 1.

27. It stated: "I am writing this to opt my children [identifies children and schools] out of the SEL/CASEL program Character Strong as it does not reflect our values, morals, and beliefs in our religion." *Id.*

28. On August 26, 2022, Chris Stine, Principal of Rossmoyne Elementary School, responded to plaintiff Alwine's request by stating: "I have received the form and will let the teachers know that your children will not be present for these lessons." A copy of this email is attached at Exhibit 2.

29. But, later on August 26, 2022, the School District reversed course when defendant Whye emailed Alwine stating that the School District would not honor Alwine's right to have her children excused from the SEL curriculum.

30. Whye told Alwine that the School District would not respect Alwine's rights because:

> "[y]ou have not identified specific instruction within the curriculum, which conflicts with your religious beliefs. I have included the link to the Character Strong and Social Emotional Learning page on our website, which includes information about the curriculum (including specific lessons), as well as a link to obtain family access so you may review the curriculum in even greater detail. You might consider this review in order to better substantiate a later request for exemption. . . . The Character Strong curriculum has been approved by the Board of School Directors, and your children will participate as scheduled, unless you are able to identify specific instruction within the curriculum, which conflicts with your religious beliefs."

A copy of this email is attached at Exhibit 3.

31. After defendant Whye's email on August 26, 2022, Principal Stine emailed Alwine stating: "My apologies, I misspoke in my previous response to you. I need to reference Dr. Whye's reply to you, she has outlined those areas where we still need to receive additional inforrmation [sic] from you in order to be in compliance

5

with our board policy. I will be happy to comply with your wishes once we receive the information needed to exempt your children." A copy of this email is attached at Exhibit 4.

32. On August 29, 2022, defendant Whye reiterated that Alwine's children would not be excused from the SEL curriculum explaining "[a]t this time your children are not exempt from instruction as you have not identified specific instruction that is contrary to your religious beliefs." A copy of this email is attached as Exhibit 5.

33. Thereafter, on September 7, 2022, Alwine again stated that she was exercising her rights under the Code stating: "Pursuant to 22 Pa. code 4.4(d)(3) and Board Policy 105.3, I am opting my children [identifies children] out of all character strong classroom lessons for the entire character strong curriculum. This opt out is because the character strong curriculum conflicts with my religious beliefs." A copy of that email is attached at Exhibit 6.

34. But, on September 9, 2022, the defendants denied her request.

### C. Plaintiff Brandl's requests.

35. On September 2, 2022, plaintiff Brandi Brandl provided written notice to the School District that she was exercising her rights under the Code.

36. That notice stated:

"Pursuant to 22 Pa Code § 4.4(d)(3) and board policy 105.3, I am opting [child's name] out of all the Character Strong classroom lessons for the Character Strong curriculum. This opt out is because the Character Strong conflicts with our religious beliefs."

A copy of this email is attached at Exhibit 7.

37. On September 7, 2022, the School District notified Brandl that it would not honor her rights under the code and that her children would not be excused from the SEL curriculum.

38. On September 8, 2022, plaintiff Brandl submitted a second notification of her rights to the School District, this time on a form sent to her by the School District.

39. But on September 12, 2022, the School District again notified Brandl that it would not honor those rights.

40. Despite denying plaintiffs' their respective religious exemptions, defendants have granted the religious exemption requests of other parents in the School District.

### D. Defendants' violated plaintiffs' constitutional rights through their policies, practices, customs, and procedures.

41. Defendants' official edicts, actions, pronouncements, and long-standing and persistent customs and policies were the moving force behind, and caused, the violation of plaintiffs' constitutional rights.

42. SEL is an official part of the School District's curriculum.

43. Defendants "approved the [SEL] curriculum for elementary and middle school students to be used during the 2022-23 school year." https://www.wssd.k12.pa.us/CharacterStrongSEL.aspx (last visited March 15, 2023.

44. Board Policy 105.3 is an official policy or edict of the School District. See Board Policy 105.3 at Exhibit 8.

45. Board Policy 105.3 states that the School District and its employees do not have a responsibility to ensure children are actually excused from specific instruction that their parents have opted them out of.

46. Board Policy 105.3 explicitly states it is the child's responsibility to excuse themselves from specific instruction that their parents have opted them out of receiving.

47. The School District also maintains an official policy, custom, practice, and procedure that requires parents to justify their religious objections to any curriculum.

48. Stoltz maintains final decision-making authority regarding whether to grant or deny an opt-out request made under 22 Pa Code § 4.4(d)(3).

49. Stoltz maintained final decision-making authority regarding which opt-out requests to grant and which opt-out requests to deny.

50. Stoltz acted under state law when he denied plaintiffs opt-out requests.

## CAUSES OF ACTION

### COUNT I
### Violation of the First Amendment

51. Plaintiffs incorporate the previous paragraphs by reference.

52. "[R]eligious beliefs need not be acceptable, logical, consistent, or comprehensible to others in order to merit First Amendment protection." *Fulton v. City of Philadelphia, Pennsylvania*, 141 S.Ct. 1868, 1876 (2021).

53. Defendants cannot compel plaintiffs to justify their religious beliefs to defendants' satisfaction. *Employment Div., Dep't of Human Res. of Oregon v. Smith*,

494 U.S. 872, 877 (1990) ("The government may not compel affirmation of religious belief, . . . punish the expression of religious doctrines it believes to be false, . . . impose special disabilities on the basis of religious views or religious status, . . . or lend its power to one or the other side in controversies over religious authority or dogma.")

54. But Board Policy 105.3 requires parents to justify for the defendants how the specific instruction conflicts with their religious beliefs.

55. Board Policy 105.3 unduly burdens plaintiffs' exercise of their First Amendment rights and defendants have no compelling justification for denying plaintiffs' religious exemption request.

56. Therefore, Board Policy 105.3 violates the First Amendment.

## COUNT II
### Violation of the Fourteenth Amendment
### Equal Protection

57. Plaintiffs incorporate the previous paragraphs by reference.

58. The Fourteenth Amendment prohibits defendants from picking and choosing which written opt-out requests 22 Pa Code § 4.4(d)(3) to grant and which they will deny absent a specific, concrete, and compelling reason. *Fulton* 141 S.Ct. at 1868. ("Government fails to act neutrally when it proceeds in a manner intolerant of religious beliefs or restricts practices because of their religious nature.")

59. Defendants have also violated plaintiffs' Fourteenth Amendment equal protection rights because they have arbitrarily granted certain religious objections while denying the requested religious exemptions of others, including plaintiffs.

60. Defendants have not acted neutrally.

61. Instead, they have proceeded in a manner intolerant to plaintiffs' religious beliefs but tolerant to others to whom they have granted exemptions.

62. Defendants have no compelling justification for denying plaintiffs' religious exemptions while granting other religious exemptions.

## COUNT III
### Violation of the Fourteenth Amendment
### Substantive Due Process

63. Plaintiffs incorporate the previous paragraphs by reference.

64. Under the Fourteenth Amendment, plaintiffs have a fundamental liberty interest to make child-rearing decisions. *Tatel v. Mt. Lebanon Sch. Dist.*, 2022 WL 15523185, at *11 (W.D. Pa. Oct. 27, 2022) ("The parental right to custody, control and nurture of their children is deeply rooted and implicit in the United States' concept of ordered liberty.")

65. Indeed, the right to make decisions concerning the care, custody, and control of one's children "is perhaps the oldest fundamental liberty interest recognized." *Troxel v. Granville*, 530 U.S. 57, 65 (2000).

66. This includes the "fundamental constitutional right to right to control the inculcation of values in their children." *Tatel* 2022 WL 15523185 at *23, and to make educational choices. *Troxel*, 530 U.S. at 65.

67. The Third Circuit recognizes that through this liberty interest, "Parents, not schools, have the primary responsibility to inculcate moral standards, religious beliefs, and elements of good citizenship." *C.N. v. Ridgewood Board of Education*, 430 F.3d 159, 185 (3d. Cir. 2005).

68. The School District uses the SEL curriculum to inculcate values into children.

69. Defendants ignore the supremacy of parents to inculcate moral values and claim, wrongly, that "[w]hen it comes to the well-being of our children, parents and school staff members *are a team*" and while "parents will still be the ones instilling their personal values" defendants will inculcate certain "skills and character traits that our children utilize in school and work settings." https://www.wssd.k12.pa.us/CharacterStrongSEL.aspx (last visited March 15, 2023)

70. Defendants recognized that plaintiffs have a right to "have their children excused from [SEL] instruction that conflicts with their religious beliefs." *Id.*

71. By denying plaintiffs' requests to have their children excused from SEL instruction, defendants have violated plaintiffs' substantive due process rights.

## COUNT IV
## Violation of 22 Pa. Code § 4.4(b)(3)

72. Plaintiffs incorporate the previous paragraphs by reference.

73. Chapter 4 of the Pennsylvania School Code authorizes parents or guardians to "have their children excused from specific instruction that conflicts with their religious beliefs, upon receipt by the school entity of a written request from the parent or guardians." 22 Pa. Code. § 4.4(b)(3).

74. Board Policy 105.3, facially and as applied, conflicts with 22 Pa.Code. § 4.4(b)(3). See Board Policy 105.3 at Exhibit 8.

75. Board Policy 105.3 states that the School District and its employees do not have a responsibility to ensure children are actually excused from specific instruction that their parents have opted them out of.

76. Board Policy 105.3 explicitly states it is the child's responsibility to excuse themselves from specific instruction their parents have opted them out of receiving.

77. Board Policy 105.3 is invalid because it violates the plain language of 22 Pa. Code § 4.4.

## Prayer for Relief

WHEREFORE, Plaintiffs, Kristie Alwine, Frank W. Johnson, Sr., Brandi Brandl, and Oliver Brandl, III respectfully request that this Court enter judgment in their favor and against defendants and award the following relief:

1. Enjoining defendants and anyone acting through, with, or on behalf of them, from requiring plaintiffs' children to attend CharacterStrong classroom lessons;

2. Enjoining defendants and anyone acting through, with, or on behalf of them, from requiring plaintiffs' children to excuse themselves from class related to their parents' opt out of specific instruction;

3. Declaring Board Policy 105.3 void, invalid, and unconstitutional;

4. Declaring Board Policy 105.3 in conflict with state law;

5. Awarding plaintiffs monetary damages and attorneys fees under 42 U.S.C. § 1983 and 42 U.S.C. § 1988; and

6.    Awarding plaintiffs all appropriate and necessary relief.

Respectfully submitted,

Dated: March 18, 2023

*/s/Walter S. Zimolong*
Walter S. Zimolong, III, Esquire
James J. Fitzpatrick, III, Esquire
ZIMOLONG LLC
wally@zimolonglaw.com
james@zimolonglaw.com
P. O. Box 552
Villanova, PA 19085
(215) 665-0842

*/s/ Nicholas R. Barry*
Nicholas R. Barry
America First Legal Foundation
Tennessee Bar No. 031963
nicholas.barry@aflegal.org
611 Pennsylvania Ave SE #231
Washington, DC 20003
*Admitted pro hac vice*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDI BRANDL, OLIVER BRANDL, III, KRISTIE ALWINE AND FRANK W. JOHNSON, SR.<br><br>Plaintiffs<br><br>v.<br>WEST SHORE SCHOOL DISTRICT, TODD STOLTZ, in his official capacity, BRIAN K. GUISTWHITE, in his official capacity, CHRISTOPHER J. KAMBIC, in his official capacity, JUDITH A. CROCENZI, in her official capacity, FRANK J. KAMBIC, in his official capacity, ANTONIOS J. KAPRANOS, in his official capacity, SHERI D. MOYER, in her official capacity, FREDERIC A. STOLTENBURG a/k/a STOLTENBERG, in his official capacity, HEIDI E. THOMAS, in her official capacity, JAMIE WHYE, in her official capacity, and ABIGAIL A. TIERNEY, in her official capacity.<br><br>Defendants | No. 1:23-cv-00368-CCC |

### Certificate of Service

I hereby certify the foregoing has been filed electronically and is available for viewing and downloading from the Electronic Case Filing System of the United States District Court for the Eastern District of Pennsylvania. I further hereby certify that, in accordance with Fed. R. Civ. P. 5, service has been made upon counsel of record via ECF.

Date: March 18, 2023                    */s/ Walter S. Zimolong, Esquire*